15-3292-cr
United States v. Watkins

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of December, two thousand eighteen.

PRESENT: DENNIS JACOBS,
ROSEMARY S. POOLER,
RICHARD C. WESLEY,
           Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                                    15-3292

DUANE COSTA, TRENTON DREW,
GARY FRANCE, FRANK MYERS,
          Defendants,

1

**EMORY WATKINS,**

       **<u>Defendant-Appellant</u>.**

- - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    Julia Pamela Heit, New York, NY.

FOR APPELLEE:                    Andrey Spektor, Assistant United States Attorney (Amy Busa, Alexander Solomon, Assistant United States Attorneys, <u>on the brief</u>), <u>for</u> Richard P. Donoghue, United States Attorney, Eastern District of New York, Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J</u>.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Emory Watkins appeals from the judgment of the United States District Court for the Eastern District of New York (Wexler, <u>J</u>.) convicting him, upon his plea of guilty, of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and of use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). We assume the parties' familiarity with the underlying facts and procedural history.

In relevant part, section 924(c)(1)(A) provides mandatory punishment for "any person who, during and in relation to any crime of violence . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." 18 U.S.C. § 924(c)(1)(A).

Section 924(c)(3) defines the "crime of violence" element of section 924(c)(1)(A) as a felony that "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3).

Watkins argues that his section 924(c)(1)(A) conviction must be vacated because (1) the predicate conspiracy is not a categorical crime of violence under section 924(c)(3)(A); (2) section 924(c)(3)(B) is unconstitutionally vague; and (3) his conduct during the predicate conspiracy does not satisfy a case-specific approach to section 924(c)(3)(B).   We disagree, compelled by our precedents in United States v. Hill, 890 F.3d 51 (2d Cir. 2018), and United States v. Barrett, 903 F.3d 166 (2d Cir. 2018), and therefore affirm.

**1.** Conspiracy to commit Hobbs Act robbery is a crime of violence under this Circuit's categorical approach.   Barrett, 903 F.3d at 177.   First, the object of Watkins's conspiracy, Hobbs Act robbery, is a categorical crime of violence under section 924(c)(3)(A) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another."   Id. at 174 (quoting Hill, 890 F.3d at 60 (quoting 18 U.S.C. § 924 (c)(3)(A))).   Second, "a conspiracy to commit a crime of violence is itself a crime of violence under 18 U.S.C. [section] 924(c)."   Barrett, 903 F.3d at 175.   As set forth in Barrett: when the object offense of a conspiracy is categorically a crime of violence, the conspiracy to commit that offense is also crime of violence "*in each case*."   Id. at 177 (internal quotation marks omitted).

Accordingly, Watkins's conviction is a crime of violence "under traditional categorical analysis by reference only to the crime's elements as applied to both [section] 924(c)(3)(A) and [section] 924(c)(3)(B)."   See id.   This conspiracy to commit Hobbs Act robbery is therefore a categorical crime of violence under section 924(c)(3).   Id.

**2.** Because section 924(c)(3)(B) can be applied to a defendant's case-specific conduct, it is not unconstitutionally vague.   "[N]o constitutional vagueness inheres in a substantial-risk definition of a crime of violence when applied to

3

case-specific conduct." Id. at 178; see Sessions v. Dimaya, 138 S. Ct. 1204, 1215 (2018) ("'[W]e do not doubt' the constitutionality of applying [a] 'substantial risk [standard] to real-world conduct.'" (final brackets in original) (quoting Johnson v. United States, 135 S. Ct. 2551, 2561 (2015))). Since section 924(c)(3) is concerned with crimes of pending prosecution rather than with prior convictions, "a conduct-specific identification of a predicate offense as a crime of violence can be made without raising . . . the constitutional concerns that have informed the Supreme Court's categorical-approach jurisprudence." Barrett, 903 F.3d at 182.

Therefore, even if conspiracy to commit Hobbs Act robbery were not a categorical crime of violence, a jury can determine whether the predicate felony satisfies the section 924(c)(3)(B) definition. Id. at 178. Under this conduct-specific approach, section 924(c)(3)(B) is not unconstitutionally vague, and Dimaya does not compel invalidation of Watkins's conviction.[*] Id. at 182.

**3.** Because section 924(c)(3)(B) now requires a case-specific inquiry, we must determine whether Watkins's plea violated Rule 11 of the Federal Rules of Criminal Procedure. Watkins's plea did not expressly acknowledge that his predicate offense involved a substantial risk that physical force against the person or property of another in the course of committing the crime. However, this error was harmless. "[T]o demonstrate that a Rule 11 error affected his substantial rights, a defendant must show a 'reasonable probability that, but for the error, he would not have entered the plea.'" United States v. Torrellas, 455 F.3d 96, 103 (2d Cir. 2006) (quoting United States v. Dominguez Benitez, 542 U.S. 74, 83 (2004)).

Properly advised, Watkins would have still pleaded guilty to the 924(c)(1)(A) count. He admitted that he carried multiple handguns in the

---

[*] Post-Dimaya, the First and Eleventh Circuits have similarly construed Section 924(c)(3)(B) to require a conduct-based approach. See United States v. Douglas, 907 F.3d 1, 1 (1st Cir. 2018); Ovalles v. United States, 905 F.3d 1231, 1234 (11th Cir. 2018) (in banc). The Fifth, Tenth, and District of Columbia Circuits have construed section 924(c)(3)(B) to require a categorical approach. See United States v. Davis, 903 F.3d 483, 485-86 (5th Cir. 2018), petition for cert. filed, No. 18-431 (Oct. 3, 2018); United States v. Salas, 889 F.3d 681, 686 (10th Cir. 2018), petition for cert. filed, No. 18-428 (Oct. 3, 2018); United States v. Eshetu, 898 F.3d 36, 37-38 (D.C. Cir. 2018) (per curiam).

attempt to rob an illegal gambling establishment.   Gov't App'x 14.   He and his coconspirators were arrested on the way to the planned robbery with two loaded firearms and a black ski mask.   And Watkins made post-arrest statements admitting his guilt and that he had agreed to provide the firearms for use in the robbery.   Id. at 15.   Watkins's admissions show he understood the heightened risk of violence from his actions in furtherance of the Hobbs Act robbery conspiracy.   The only reasonable conclusion is that Watkins would have pleaded guilty even had section 924(c)(3)(B) been explained to him perfectly.

Therefore, we affirm Watkins's conviction under section 924(c)(1)(A).

We have considered Watkins's remaining arguments and find them to be without merit.   For the foregoing reasons, we **AFFIRM** the judgment of the district court.

> FOR THE COURT:
> CATHERINE O'HAGAN WOLFE, CLERK