In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-2898

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

*v.*

ANTWON JENKINS,

*Defendant-Appellant*.

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:12-CR-30239-DRH-1 — **David R. Herndon**, *Judge*.

ARGUED MAY 18, 2015 — DECIDED FEBRUARY 24, 2017

Before KANNE and SYKES, *Circuit Judges*, and ELLIS, *District Judge*.[*]

ELLIS, *District Judge*. Defendant-Appellant, Antwon Jenkins, was arrested and charged with Kidnapping, 18 U.S.C. § 1201(a), and Using or Carrying a Firearm to Commit a Fed-

---

[*] The Honorable Sara L. Ellis, of the United States District Court for the Northern District of Illinois, sitting by designation.

eral Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii).[1] Follow-ing his arrest, Jenkins agreed to cooperate with the Government's investigation of these crimes and give a proffer interview. Prior to the interview, the Government and Jenkins entered into a proffer agreement, the terms of which prohibited the Government from making direct use of any statements or information Jenkins provided during the interview in its case-in-chief, but permitted the Government to derivatively use such information. During the interview, Jenkins told the Government where he hid the gun he used during the kidnapping. The Government used this information to recover the gun and then introduced both physical evidence of the gun, as well as the testimony of the agents who found the gun (collectively, the "gun evidence"), during its case-in-chief. A jury convicted Jenkins on all counts and he received a sentenced of 308 months in prison—188 months for kidnapping and 120 months for using a firearm to commit a federal crime of violence, to run consecutively. On appeal, Jenkins argues that the Government breached the proffer agreement by directly using the information he provided during the proffer interview against him during its case-in-chief.

After Jenkins filed his appeal and the parties argued the case before this panel, but before we decided the appeal, the Supreme Court issued its opinion in *Johnson v. United States*, --- U.S. ----, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), which held the residual clause of the Armed Career Criminals Act ("ACCA"), 18 U.S.C. § 924(e), to be unconstitutionally vague.

---

[1] While not explicitly addressed by either party, Jenkins' appeal relates only to evidence admitted in support of the firearm count, Count II of the indictment. We limit our analysis accordingly.

Jenkins then filed a supplemental appellate brief challenging his conviction under 18 U.S.C. § 924(c) for using a weapon during a "crime of violence," in this case kidnapping under 18 U.S.C. 1201(a), arguing that in light of the ruling in *Johnson*, kidnapping is no longer a "crime of violence" as defined under § 924(c), and therefore his conviction under § 924(c) must be overturned as a matter of law. The Government argues that the ruling in *Johnson* should not be extended to the Residual Clause of § 924(c), and even if it were, kidnapping would still be a crime of violence under the Force Clause, § 924(c)(3)(A), which *Johnson* did not implicate. Because the Residual Clause, § 924(c)(3)(B), is unconstitutionally vague and kidnapping under § 1201(a) does not have, as an element, the use, threatened use, or attempted use of physical force, we reverse Jenkins' conviction under § 924(c). Because Jenkins' conviction under § 924(c) is the only issue on appeal, we need not reach the original appellate issue of whether the Government breached the proffer agreement.

## I. ANALYSIS

A jury convicted Jenkins of using or possessing a weapon during the commission of a crime of violence, namely, kidnapping, under 18 U.S.C. § 924(c). Section 924(c)(3) defines a crime of violence as:

> [A] felony and—
>
> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or

> property of another may be used in the course
> of committing the offense.

18 U.S.C. § 924(c)(3)(A), (B). Subsection A is commonly referred to as the "Force Clause" and Subsection B is referred to as the "Residual Clause."

Jenkins now challenges his conviction under § 924(c), arguing that in light of *Johnson*, the Residual Clause is unconstitutionally vague and that the Force Clause does not apply to kidnapping because kidnapping under § 1201(a) does not include the use of physical force as an element. The Government responds that kidnapping is a crime of violence under the Force Clause and, in the alternative, under the Residual Clause and that we should not extend *Johnson* to § 924(c)(3)(B). Additionally, the Government argues that we should not even consider the vagueness challenge to § 924(c)(3)(B) because Jenkins has not brought it as an as applied challenge.

The parties agree that because Jenkins did not raise his challenge to § 924(c) in the district court, the proper standard of review is plain error. To reverse a trial court ruling for plain error, there must be "(1) an error or defect (2) that is clear or obvious (3) affecting the defendant's substantial rights (4) and seriously impugning the fairness, integrity, or public reputation of judicial proceedings." *United States v. Jenkins*, 772 F.3d 1092, 1097 (7th Cir. 2014) (quoting *United States v. Goodwin*, 717 F.3d 511, 518 (7th Cir. 2013), *cert. denied*, --- U.S. ----, 134 S. Ct. 334, 187 L. Ed. 2d 234 (2013)). An error is plain if it is plain at the time the appellate court reviews the error, regardless of whether it was settled or unsettled at the time the district court ruled. *Henderson v. Unit-*

*ed States*, --- U.S. ----, 133 S. Ct. 1121, 1130–31, 185 L. Ed. 2d 85 (2013).

### A. Force Clause

There is no question as to the constitutionality of the Force Clause; Jenkins simply argues that it does not apply to kidnapping. The Force Clause defines a crime of violence as any felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). In determining whether a crime fits this definition, a court may only look at the elements of the offense, not the underlying facts of conviction. *United States v. Yang*, 799 F.3d 750, 752 (7th Cir. 2015) (interpreting the functionally identical force clause of the Armed Career Criminal Act). Therefore, in evaluating whether kidnapping under § 1201(a) is a crime of violence under § 924(c)(3)(A), the kidnapping statute must have as an element the use, attempted use, or threatened use of physical force; it is irrelevant whether a defendant actually used force in the commission of the crime. *Id.*

Section 1201(a) punishes for kidnapping:

> [w]hoever unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person … when the person is willfully transported in interstate or foreign commerce …

18 U.S.C. § 1201(a).

The Government does not argue that the first element—unlawfully seizing, confining, inveigling, decoying, kidnapping, abducting, or carrying away—requires the use of force

and rests its argument on the second element, "hold[ing] for ransom or reward or otherwise." *Id.* The Government argues that because the holding must be unlawful, it necessarily requires at a minimum the threat of physical force. This is incorrect. Holding can be accomplished without physical force. For example, a perpetrator could lure his victim into a room and lock the victim inside against his or her will. This would satisfy the holding element of kidnapping under § 1201(a) without using, threatening to use, or attempting to use physical force. *See United States v. Swanson*, 55 Fed. App'x 761, 762 (7th Cir. 2003) ("[O]ur sister circuits have held that the similar crimes of false imprisonment and kidnapping by deception … do not have physical force as an element[.]" (citing *United States v. Zamora*, 222 F.3d 756, 764–65 (10th Cir. 2000); *United States v. Williams*, 110 F.3d 50, 52–53 (9th Cir. 1997); *United States v. Kaplansky*, 42 F.3d 320, 324 (6th Cir. 1994) (en banc))).

The Government argues that even in cases where no force is actually used there is an ever-present risk that the situation will devolve to the point that the perpetrator will need to use force. But this argument conflates the Force Clause and the Residual Clause. The Force Clause only defines crimes of violence by the elements of those crimes, not by any inherent risk associated with the crime. While kidnapping very well may carry such inherent risks, one properly analyzes that argument only under the Residual Clause, rather than the Force Clause.

We are aware of this Court's recent decision in *United States v. Cureton*, 845 F.3d 323, 326 (7th Cir. 2017), in which we found, applying the plain error standard, that it is a debatable question whether the ransom demand statute, 18

U.S.C. § 875(a), "has as an element the … threatened use of physical force against the person … of another." The *Cureton* Court determined that because the law is not settled on that issue and further, because the defendant failed to carry his burden to demonstrate that his conviction under the statute affected his substantial rights, he could not prevail under the plain error standard.[2] *Id*. at 326-27. We find *Cureton* distinguishable because without the conviction on Count II, Jenkins' sentencing guidelines range would be 151 to 188 months on Count I. R. 246. He received a sentence of 308 months, which was 120 months longer than the top end of the sentencing guidelines range for Count I. R. 261. Unlike the defendant in *Cureton*, Jenkins has clearly demonstrated harm from this error.

Finally, the Government attempts to bolster its argument by citing to pre-*Johnson* cases that held kidnapping to be a crime of violence. However, none of these cases found that kidnapping had physical force as an element, and one even expressly stated that it does not. *See Delgado-Hernandez v. Holder*, 697 F.3d 1125, 1130 (9th Cir. 2012) ("The federal kidnapping statute has no force requirement … ."). Therefore, we find that kidnapping is not a crime of violence under the Force Clause.

---

[2] The *Cureton* Court found that reversing the defendant's conviction for the ransom demand would not affect the sentencing guidelines range for the remaining offenses and the district court would be well within its discretion to impose the same sentence on remand even without that conviction; therefore, the defendant failed to demonstrate that any error was harmful. *Id*. at 327.

### B. Residual Clause

Jenkins also argues that in light of the Supreme Court's decision in *Johnson*, 135 S. Ct. 2551, and our subsequent extension of *Johnson*'s holding in *United States v. Vivas-Ceja*, 808 F.3d 719 (7th Cir. 2015), the Residual Clause of § 924(c)(3)(B) is unconstitutionally vague and therefore we should vacate his § 924(c) conviction. After the parties submitted their supplemental briefs, we decided this very issue in *United States v. Cardena*, 842 F.3d 959, 996 (7th Cir. 2016), holding that § 924(c)(3)(B) is unconstitutionally vague. Therefore, kidnapping under 18 U.S.C. § 1201(a) is not a crime of violence as defined in § 924(c).

### C. Plain Error Analysis

Because § 1201(a) does not satisfy the Force Clause and the Residual Clause is unconstitutionally vague, we must determine if this error satisfies the plain error standard for reversing the conviction on the basis of an argument the defendant did not previously raise before the district court.

First we must determine if there was an error and if that error is clear and obvious. *Jenkins*, 772 F.3d at 1097. In light of the Supreme Court ruling in *Johnson* and our subsequent extension of *Johnson* to § 924(c)(3)(B) in *Cardena*, the unconstitutionality of § 924(c)(3)(B) is plain. Additionally, kidnapping as defined in 18 U.S.C. § 1201(a) does not require the use of force as an element, therefore Jenkins' conviction under § 924(c) cannot be sustained under the Force Clause either. Thus, Jenkins' conviction under § 924(c) was in error and that error is plain at the time of this review.

Next, we must determine whether this error affected Jenkins' substantive rights and seriously impugned the fairness

of the judicial proceedings. *Id.* An error affects a defendant's substantive rights if it resulted in the defendant receiving a longer sentence than he otherwise would have without the error. *See id.* at 1098–99 (sentencing a defendant to a longer prison term based on an improperly calculated sentencing guideline range affected defendant's substantive rights). Here, Jenkins received a sentence of 120 months in prison for his § 924(c) conviction, to run consecutively to his 188 month sentence for kidnapping. Therefore, this erroneous conviction directly resulted in the district court increasing Jenkins' sentence by 120 months. *See, e.g., United States v. Armour*, 840 F.3d 904, 910 (7th Cir. 2016) (plain error standard satisfied where defendant was given a consecutive seven-year mandatory minimum sentence for brandishing where there was no jury verdict finding him guilty of brandishing). There is no set of alternative facts that the government could have presented that would have resulted in a valid conviction under § 924(c) for using or carrying a firearm during the commission of a federal kidnapping offense because, as discussed above, kidnapping is not a crime of violence under § 924(c)(3). And a 120-month prison sentence for a non-existent crime undermines the fairness of the judicial proceedings and cannot stand. Therefore, Jenkins has satisfied the high burden for reversal under the plain error standard and we reverse his conviction under § 924(c)(1)(A)(ii).

## II. CONCLUSION

For the foregoing reasons, we REVERSE Jenkins' conviction for Using or Carrying a Firearm to Commit a Federal Crime of Violence, 18 U.S.C. § 924(c)(1)(A)(ii), and REMAND for further proceedings consistent with this opinion.