In the

# United States Court of Appeals

## For the Seventh Circuit

No. 15-3693

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

DOUGLAS D. JACKSON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Northern District of Indiana, South Bend Division.
No. 3:15-cr-06-1 — **Robert L. Miller, Jr.**, *Judge.*

No. 14-2898

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*v.*

ANTWON D. JENKINS,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Illinois.
No. 3:12-cr-30239-1 — **David R. Herndon**, *Judge*

ARGUED NOVEMBER 2, 2018 — DECIDED JULY 30, 2019

————————————

Before RIPPLE, KANNE, and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. In *United States v. Cardena*, 842 F.3d 959 (7th Cir. 2016), we held that 18 U.S.C. § 924(c)(3)(B)—which partially defines "crime of violence" for § 924—is unconstitutionally vague. On February 24, 2017, we relied on *Cardena* to vacate Antwon Jenkins's conviction under § 924(c)(1)(A)(ii). *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017). We vacated Douglas Jackson's conviction under the same statutory provision on August 4, 2017. *United States v. Jackson*, 865 F.3d 946, 954 (7th Cir. 2017). Those opinions provide a summary of the underlying conduct and procedure that brought the appeals before us.

On May 14, 2018, the Supreme Court vacated and remanded both decisions for reconsideration in light of its decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). We consolidated the appeals and heard argument on *Dimaya*'s relevance. On January 4, 2019, the Supreme Court granted *certiorari* in *United States v. Davis*, 903 F.3d 483 (5th Cir. 2018) (also holding that § 924(c)(3)(B) is unconstitutionally vague). We stayed further consideration of the appeals and waited for the Supreme Court's decision. Now, the Supreme Court has found that § 924(c)(3)(B) is unconstitutional. 139 S. Ct. 2319 (2019).

*Davis* involves the Supreme Court's latest discussion of whether statutes that enhance punishment for "crimes of violence" are unconstitutionally vague. In *Johnson v. United States*, the Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), which provided a catch-all

definition for violent felonies in the ACCA context. 135 S. Ct. 2551 (2015). In *United States v. Vivas-Ceja*, 808 F.3d 719 (2015), we relied upon *Johnson* to find a similar provision—the definition of "crime of violence" for much of the federal criminal code found at 18 U.S.C. § 16(b)—to be unconstitutional. And, in *Cardena*, we invalidated § 924(c)(3)(B) because it is indistinguishable from the clause we invalidated in *Vivas-Ceja*.

Later, the Court decided *Dimaya*, which involved the definition of "crime of violence" found in 18 U.S.C. § 16. 138 S. Ct. at 1204. Once again, a majority of the Court found that the statutory definition was too vague. But the Court splintered among several rationales. Four justices—led by Justice Kagan—essentially found that the *Johnson* rationale controlled. *Id.* at 1210–23. In a separate concurrence, Justice Gorsuch agreed that § 16(b) was unconstitutionally vague but indicated a willingness to reconsider application of the categorical approach (which requires courts to consider an abstraction of a crime as opposed to the facts of the defendant's actual conduct) in a future case. *Id.* at 1223–34. In dissent, Chief Justice Roberts argued that § 16(b) doesn't create the same constitutional issues that troubled the Court in *Johnson*. *Id.* at 1234–41. And Justice Thomas dissented separately to argue that the Due Process clause does not prohibit vague laws and to argue that, regardless, § 16(b) could be interpreted in a constitutional way (by jettisoning the categorical approach). *Id.* at 1242–59.

Thus, after *Dimaya*, future residual-clause challenges faced an uncertain future. Some members of the Court were signaling increased discomfort with the use of the categorical approach. And the courts of appeals took notice. The First, Second, and Eleventh Circuits all held that § 924(c)(3)(B) could be

interpreted constitutionally by rejecting application of the cat-
egorical approach. *United States v. Douglas*, 907 F.3d 1 (1st Cir.
2018); *Ovalles v. United States*, 905 F.3d 1231 (11th Cir. 2018);
*United States v. Barrett*, 903 F.3d 166 (2d Cir. 2018). But the cir-
cuits with pre-*Dimaya* precedent finding § 924(c)(3)(B) uncon-
stitutionally vague did not reverse themselves in anticipation
of the Court's next opinion. *United States v. Davis*, 903 F.3d 483
(5th Cir. 2018); *United States v. Salas*, 889 F.3d 681, 685 (10th
Cir. 2018).

In *Davis*, the Court ended the waiting. Writing that "a
vague law is no law at all," Justice Gorsuch found that
§ 924(c)(3)(B)'s language required use of the categorical ap-
proach and thus that it was unconstitutionally vague. *Davis*,
139 S. Ct. at 2323. Although a case-specific approach would
alleviate the vagueness, the Court concluded that "the statute
simply cannot support" the use of that approach. *Id.* at 2327.
Accordingly, § 924(c)(3)(B) is unconstitutionally vague. *Id.* at
2336–55.

*Davis* vindicates our opinion in *Cardena*, and so the ques-
tion the Court remanded for us to consider in these appeals
has now been answered by the Court itself. Nothing remains
to decide with respect to Jenkins and Jackson. We will vacate
and remand for full resentencing. *See United States v. Cureton*,
739 F.3d 1032, 1045 (7th Cir. 2014) (explaining that a district
court's sentencing determination is necessarily holistic, and
so when part of a sentence is vacated, the court is entitled to
resentence on all counts).

In accordance with our February 24, 2017, opinion, we
VACATE Jenkins's conviction for using or carrying a firearm
to commit a federal crime of violence and REMAND for re-
sentencing. 849 F.3d at 395. Likewise, we VACATE Jackson's

conviction for using or carrying a firearm to commit a federal crime of violence and REMAND for resentencing. 865 F.3d at 956. And, for the reasons expressed in our August 4, 2017, opinion, we also VACATE and REMAND for resentencing without the organizer or supervisor adjustment under U.S.S.G. § 3B1.1. *Id.* at 954–56.