**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 9, 2019
Decided January 24, 2020

*Before*

FRANK H. EASTERBROOK, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 17-3306, 17-3307

| | |
|---|---|
| DEDRICK BUFKIN and DIAMOND TONEY, | Appeals from the United States District Court for the Northern District of Indiana, Hammond Division. |
| *Petitioners-Appellees,* | |
| *v.* | Nos. 2:16-cv-00236-JVB & 2:16-cv-00181-JVB |
| UNITED STATES OF AMERICA, | |
| *Respondent-Appellant.* | Joseph S. Van Bokkelen, *Judge*. |

## O R D E R

Dedrick Bufkin and Diamond Toney lured a victim from a dating website to a vehicle driven by Toney where the two defendants threatened the victim at gunpoint, robbed, bound, and gagged him, and drove him around in the trunk of the car for four hours before releasing him. A grand jury charged the two with kidnapping (18 U.S.C. § 1201(a)(1)) and with knowingly brandishing a firearm during and in relation to a crime of violence, kidnapping, in violation of 18 U.S.C. § 924(c).

Both defendants pled guilty to the section 924(c) count and the government agreed to dismiss the kidnapping count. Section 924(c) increases the penalties for using or carrying a firearm during or in relation to certain crimes of violence and states:

> **(3)** For purposes of this subsection the term "crime of violence" means an offense that is a felony and—
>> **(A)** has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>> **(B)** that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C.A. § 924(c)(3). Subsection A is often called the "force clause," and subsection B, the "residual clause."

In hindsight, dismissing the kidnapping charge and relying on the crime of violence charge turned out to be the wrong choice for the government. In 2015, two years after the parties entered into the plea agreement, the Supreme Court issued an opinion in *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which it evaluated a statute with almost identical language to § 924(c)(3)(B). The court in *Johnson* found that the language of the very similar statute left too much uncertainty about how much risk it takes for a crime to qualify as a violent felony and consequently held that "imposing an increased sentence under [the statute at issue] violates the Constitution's guarantee of due process." *Id.* at 2558, 2563. After the Court issued its opinion in *Johnson*, in 2016, Toney and Bufkin filed identical motions under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson*, kidnapping does not qualify as a "crime of violence" under the nearly identical wording of section 924(c), and therefore their convictions must be vacated. R. 71, 74.

While these motions were pending before the district court, this court had the opportunity to apply the holding of *Johnson* to section 924(c) directly, and concluded, that in light of *Johnson*, "kidnapping under 18 U.S.C. § 1201(a) is not a crime of violence as defined in § 924(c)." *United States v. Jenkins*, 849 F.3d 390, 394 (7th Cir. 2017), *cert. granted, judgment vacated*, 138 S. Ct. 1980 (2018), *reinstated sub. nom., United States v. Jackson*, 932 F.3d 556, 557 (7th Cir. 2019).[1] The opinion reasoned that kidnapping does

---

[1] The Supreme Court granted certiorari and vacated the judgment and remanded to this court for further consideration in light of its then-new decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). *See United States v. Jenkins*, 138 S. Ct. 1980 (2018). *Dimaya* involved an identically-worded immigration statute. We can skip over this interim period of time when *Dimaya* called into question all similarly worded

not require physical force as an element of the crime, thus precluding it from being a "crime of violence" under the force clause, section 924(c)(3)(A), and that the residual clause was unconstitutionally vague, thus precluding kidnapping from being a "crime of violence" pursuant to section 924(c)(3)(B). *Id.* at 394.

Relying on this new *Jenkins* decision from this court, and on the Supreme Court's decision in *Johnson*, the district court granted both petitions and vacated both defendants' section 924(c) convictions.

Once the court vacated the sole charge of conviction for both defendants, the government, on September 27, 2017, filed a Motion to Reinstate Count I of the indictment—the kidnapping charge under 18 U.S.C. § 1201(a)(1). The government argued that the court's decision to vacate the sole count to which the defendant pled guilty frustrated the purpose of the plea agreement and therefore should "unwind" the case to the pre-plea stage. R. 92 at 4-5. In the alternative, the government argued that Toney and Bufkin violated the plea agreement by contesting a ground of conviction, and therefore, the government should be permitted to institute further proceedings against the defendants. *Id.* at 5.

The district court, however, never ruled on the government's Motion to Reinstate Count I. Instead, on November 3, 2017, the government appealed the district court's decision to vacate the conviction and sentence of the defendants on Count II. R. 110, 111. On that same day, the government filed a "Motion to Stay Proceedings on Count I or, in the Alternative, to Extend Time to File Reply." R. 116. The district court granted the stay. R. 127. In its appeal to this court on Count II, the government argued that the language that the Supreme Court found to be unconstitutionally vague in *Johnson* was materially different from the language of section 924(c) at issue in this case. The government did not appeal the finding that kidnapping is not a crime of violence under the force clause of section 924(c)(3)(A), and thus the only question at issue in the government's appeal was whether the language of 924(c)(3)(B)—the residual clause— was unconstitutionally vague.

---

statutes because ultimately, in 2018, the Supreme Court addressed the exact question presented in *Jenkins* and agreed with the original holding of the Seventh Circuit panel in *Jenkins*, that is, that the definition of "crime of violence" in 18 U.S.C. § 924(c) is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). Upon remand, the Seventh Circuit noted that "the question the Court remanded for us to consider in these appeals has now been answered by the Court itself" in *Davis*. *United States v. Jackson*, 932 F.3d 556, 558 (7th Cir. 2019).

In the meantime, however, on June 24, 2019, the Supreme Court upset the government's theory and confirmed what this court had decided in *Jenkins*—that is, that the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B) was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). The decision in *Davis* unequivocally put to rest any question about the constitutionality of section 924(c)(3)(B). In light of *Davis*, it is clear that using a firearm to kidnap a victim does not violate 18 U.S.C. § 924(c)(3)(B). Because the new rule announced in *Davis* is substantive—that is, it alters the range of conduct or class of persons that the law punishes—it applies retroactively. *Welch v. United States*, 136 S. Ct. 1257, 1266 (2016).

After the initial appeal and briefing in this case, the parties submitted supplemental filings to this court to address the decision in *Davis*.[2] *See* Position Statement of the United States, (Appellate R. 50), and Response of Petitioners-Appellees Bufkin and Toney to the Position Statement of the United States (Appellate R. 55). But before we can address any of the arguments in these filings we must determine whether we have jurisdiction to hear this matter at all. *See Restoration Risk Retention Grp., Inc. v. Gutierrez*, 880 F.3d 339, 345 (7th Cir. 2018) ("We have an independent obligation to ensure that both the district court and this court have subject matter jurisdiction even when neither the parties nor the district court raised the issue.")

Article III of the Constitution "restricts the authority of federal courts to resolving 'the legal rights of litigants in actual controversies,'" *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71–72 (2013) (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). Federal courts lack the power to "decide questions that cannot affect the rights of litigants in the case before them." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (quoting *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)). And that controversy and personal stake in the outcome "must be extant at all stages of review, not merely at the time the complaint is filed.'" *Arizonans for Official English v. Arizona*, 520 U.S. 43, 67 (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). If an intervening circumstance deprives the plaintiff of a "personal stake in the outcome of the lawsuit," at any point during litigation, the action can no longer proceed. *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477–478 (1990) (internal quotation marks omitted).

---

[2] Prior to this, the parties also submitted supplemental briefs to discuss the Supreme Court's holding in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). In *Dimaya*, the Court found unconstitutionally vague the language in an immigration statute that had the identical language to that found in 18 U.S.C. §924(c). This interim step is now unnecessary to discuss given the holding in *Davis*.

After the Supreme Court's decision in *Davis*, the United States filed a "Position Statement" in which it conceded that "in light of *Davis*, using a firearm to kidnap a victim does not violate 18 U.S.C. § 924(c)(1)(A)," and that *Davis* applies retroactively. Position Statement of the United States, R. 50 at 2. In view of the Supreme Court's controlling decision in *Davis*, the government concedes that it no longer has a ground on which to challenge the district court's order. Consequently, there is no case or controversy that remains from the appealed order—that is, the order of September 15, 2017, vacating the section 924(c) convictions.

Instead, the United States would like us to decide whether the kidnapping charge, under Count I of the indictment, can be reinstated. This was the exact question posed to the district court in the government's Motion to Reinstate Count I—a motion that sits pending, but stayed, on the district court's docket. *See* R. 92, 103, 116, & 127. The district court must take a first stab at answering this question before we can consider it on appeal. We dismiss this case for lack of jurisdiction and remand to the district court for resolution of the Motion to Reinstate Count I and any other unresolved business before it.