NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 5, 2021[*]
Decided January 6, 2021

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

Nos. 20-1444 & 20-1536

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeals from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:15CR06-001 |
| DOUGLAS D. JACKSON, *Defendant-Appellant*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Douglas Jackson stands convicted of sexually trafficking an underage girl. He brings two appeals, which we have consolidated for decision. First, in appeal No. 20-1536, he seeks a certificate of appealability for a collateral challenge to his conviction, arguing that his trial counsel was ineffective for not seeking a judgment of acquittal based on improper venue. Second, in No. 20-1444, Jackson directly appeals his sentence, repeating his objection to venue and also arguing that the district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

impermissibly calculated the advisory guidelines range based on facts not found by a jury. We deny his request for a certificate of appealability because venue was proper, and we affirm his sentence because the court correctly computed his guidelines range.

A jury convicted Jackson in 2014 of sexually trafficking a minor, *see* 18 U.S.C. § 1591(a), trafficking her across state lines, *see id.* § 2423(a), and carrying a firearm during the offense, which the prosecution charged as a "crime of violence" under the residual clause of 18 U.S.C. § 924(c). At trial, the victim testified that she met Jackson at a party in South Bend, Indiana, where he enticed her to engage in prostitution. He then drove her from South Bend to Georgia, Kentucky, and Michigan, for her to engage in illicit sex. At sentencing, the court calculated a guidelines range (of 235 to 293 months in prison) that included enhancements for obstructing justice, *see* U.S.S.G. § 3C1.1, and supervising the offense, *see id.* § 3B1.1(c). The firearm charge also carried a mandatory 60-month prison term to run consecutively. The district court sentenced Jackson to 295 months in prison, the bottom of the advisory guideline range plus the mandatory term.

Jackson attacked his conviction and sentence in three ways. First, he directly appealed on limited grounds. He challenged the residual clause of the firearm provision as unconstitutionally vague, and he contested the factual basis of the supervisor and obstruction-of-justice enhancements. We vacated the firearm conviction, remanded for resentencing without the supervisor enhancement, and upheld the increase for obstructing justice. *United States v. Jackson*, 932 F.3d 556, 558 (7th Cir. 2019); *United States v. Jackson*, 865 F.3d 946, 956 (7th Cir. 2017), *vacated,* 138 S. Ct. 1983 (2018).

Second, while the first appeal was pending, Jackson sought collateral relief to his conviction and sentence. *See* 28 U.S.C. § 2255. He argued that his trial counsel was ineffective for failing to seek a judgment of acquittal based on improper venue. The district court denied this request because, it reasoned, under 18 U.S.C. § 3237(a), venue in a trafficking crime that involves several states is proper where the victim is trafficked from. Jackson transported his victim from South Bend (part of the Northern District of Indiana) to be prostituted in other states. Because counsel could not have successfully attacked venue, the district court concluded that counsel was not deficient.

Third, at resentencing after our remand from the direct appeal, Jackson reiterated his venue objection and added new arguments. Invoking *Booker v. United States*, 543 U.S. 220, 232 (2005), Jackson contended that the six-level adjustment for using a computer, *see* U.S.S.G. § 2G1.3(b)(3), committing a commercial sex act, *see id.* § 2G1.3(b)(4), and obstructing justice, *see id.* § 3C1.1, violated the Sixth Amendment. He believed that the

district court impermissibly based those enhancements on facts not found beyond a reasonable doubt by a jury. The district court declined to rule on his venue objection because it had already denied his 28 U.S.C. § 2255 motion and a venue attack is not a ground for contesting a sentence. For the *Booker*-based arguments, the court concluded that Jackson had likely waived them by failing to raise them in his first appeal; in any case, because the enhancements did not affect his maximum sentence of life imprisonment, the Sixth Amendment was respected. Once it resolved these objections, the court imposed its sentence: Based on an advisory guidelines range of 188 to 235 months, the court sentenced Jackson to a below-guidelines prison term of 168 months.

We first address appeal No. 20-1536 in which, to proceed with his collateral attack, Jackson must receive a certificate of appealability. To obtain that certificate, Jackson has to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He argues that, because the prostitution occurred outside of Indiana, his counsel was constitutionally ineffective for failing to seek a judgment of acquittal based on improper venue. But, as the district court observed, where criminal acts occur in more than one place—like the trafficking offenses here—venue is proper "in any district in which such offense was begun, continued, or completed." 18 U.S.C. § 3237(a); *see United States v. Muhammad*, 502 F.3d 646, 654 (7th Cir. 2007). Jackson's crimes began in the Northern District of Indiana, in South Bend, where he met a minor at a party, enticed her to engage in prostitution, and then drove her to perform illicit sex acts in other states. Because venue was proper in the Northern District of Indiana, Jackson cannot present a substantial question that his counsel was ineffective for not seeking acquittal based on improper venue. *See Warren v. Baenen*, 712 F.3d 1090, 1104 (7th Cir. 2013) (counsel is not ineffective by not raising a meritless claim).

Next, we consider No. 20-1444, Jackson's appeal of his below-guidelines sentence after remand. Jackson first maintains that the district court unconstitutionally enhanced his offense level by six levels based on facts that were not found beyond a reasonable doubt by a jury. The government responds that Jackson waived this argument by not raising it in his first appeal. And regardless of waiver, it continues, the enhancements were consistent with the Sixth Amendment and *Booker*.

Putting the waiver argument to the side, we conclude that Jackson must lose. As we have repeatedly held, because *Booker* rendered the guidelines advisory, district courts may, in computing the guidelines range, enhance offense levels based on facts that it, rather than a jury, has found. *See United States v. Valdez*, 739 F.3d 1052, 1054 (7th Cir. 2014) (Sixth Amendment allows a district court to calculate its advisory

guidelines range based on a drug quantity that the court determines); *United States v. Glover*, 479 F.3d 511, 521–22 (7th Cir. 2007) (district court's finding that the career-offender enhancement applied to the guideline calculation is compatible with *Booker*). Under *Booker*, a constitutional violation occurs only "where the sentence exceeds the statutory maximum for the charged crime or is imposed under a mandatory sentencing scheme." *United States v. White*, 443 F.3d 582, 592 (7th Cir. 2006). It does not occur where the district court finds facts to support a sentencing enhancement under an advisory guidelines range. *Id.* Although the enhancements increased Jackson's advisory range, that range and Jackson's eventual 168-month prison sentence both fell below the statutory maximum of life in prison. *See* 18 U.S.C. §§ 1591(b)(2), 2423(a). Because Jackson does not suggest that the court treated the guidelines as mandatory, no Sixth Amendment violation occurred.

Finally, Jackson also reprises his improper-venue arguments on appeal. But as we concluded in denying his certificate of appealability, that claim is meritless. We have considered Jackson's remaining arguments, and none warrants relief.

We thus DENY Jackson's certificate of appealability in appeal No. 20-1536 and AFFRIM his sentence in appeal No. 20-1444.