# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-10330

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

MAURICE LAMONT DAVIS; ANDRE LEVON GLOVER,

> Defendants - Appellants

Appeals from the United States District Court
for the Northern District of Texas

## ON REMAND FROM THE UNITED STATES SUPREME COURT

Before HIGGINBOTHAM, JONES, and HAYNES, Circuit Judges.

PER CURIAM:

On January 31, 2017, we issued an opinion in this case denying Andre Levon Glover's challenge to his conviction and sentence and Maurice Lamont Davis's (Davis and Glover, collectively, "Defendants") challenge to his sentence, affirming the district court's entry of judgment from the charges under 18 U.S.C. § 1951 and 18 U.S.C. § 924(c). *United States v. Davis*, 677 F. App'x 933, 935–36 (5th Cir. 2017) (per curiam). Defendants petitioned the Supreme Court for certiorari. Following its decision in *Sessions v. Dimaya*, 584 U.S. ___, 138 S. Ct. 1204 (2018), the Court remanded this case to our court "for further consideration" in light of *Dimaya*. *Davis v. United States*, 138 S. Ct.

No. 16-10330

1979, 1979–80 (2018). We requested supplemental briefing from the parties on the effect of the Court's decision and now (1) continue to affirm Defendants' conviction under Count Seven; (2) vacate Defendants' conviction under Count Two; and (3) leave the remainder of our prior opinion intact.[1]

The first question is whether *Dimaya* affects Defendants' convictions on Count Seven for illegally using or carrying a firearm in relation to a crime of violence, that is, Hobbs Act robbery. *See* 18 U.S.C. § 924(c). The conviction depends on whether Hobbs Act robbery is a "crime of violence" subsumed by § 924(c)(3)(a). Defendants urge us to extend *Dimaya* to reconsider our precedent on this question. In *United States v. Buck*, we held that "[i]t was not error—plain or otherwise—"to classify Hobbs Act robbery as a crime of violence under the § 924(c) elements clause, citing cases in the Second, Third, Eighth, Ninth, and Eleventh Circuits. 847 F.3d 267, 274–75 (5th Cir.), *cert. denied*, 138 S. Ct. 149 (2017). Nonetheless, Defendants argue that Hobbs Act robbery can be committed without the use, attempted use, or threatened use of physical force, because "fear of injury" is included in the definition of robbery. *See* 18 U.S.C. § 1951(b)(1).

We decline to extend *Dimaya*'s holding that far. Section 924(c) contains both an elements clause and a residual clause; the elements clause defines an offense as a crime of violence if it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another,"

---

[1] Specifically, Davis individually argues that his ACCA sentencing enhancement based upon multiple burglary convictions under Texas Penal Code § 30.02 cannot stand in light of *United States v. Herrold*, 883 F.3d 517 (5th Cir. 2018) (en banc), *petitions for cert. filed*, (U.S. Apr. 18, 2018) (No. 17-1445), *and* (U.S. May 21, 2018) (No. 17-9127). He notes that his case is still on direct appeal, and therefore, he is entitled to the benefit of *Herrold*. *See Griffith v. Kentucky*, 479 U.S. 314, 322–23 (1987). However, addressing that issue would exceed the scope of the Supreme Court remand, and therefore, we decline to do so at this time. *See Aladdin's Castle, Inc. v. City of Mesquite*, 713 F.2d 137, 138–39 (5th Cir. 1983). To be clear, we thus are not addressing *Herrold* on remand nor are we directing the district court to do so.

No. 16-10330

whereas the residual clause defines an offense as a crime of violence if it, "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *See* § 924(c)(3). *Dimaya* only addressed, and invalidated, a residual clause mirroring the residual clause in § 924(c); it did not address the elements clause. Whatever arguments may be made opposing Hobbs Act robbery's inclusion under the elements clause as a crime of violence, *Dimaya* has not affected them, and therefore, they are foreclosed to us in light of *Buck*. Thus, we affirm our prior judgment regarding Davis and Glover's convictions for violations of § 924(c) as predicated on Hobbs Act robbery.

Defendants' firearms convictions for knowingly using, carrying, or brandishing a firearm to aid and abet conspiracy to interfere with commerce by robbery under Count Two present a less clear question. We have held that conspiracy to commit an offense is merely an agreement to commit an offense. *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011). Therefore, here, the conspiracy offense does not necessarily require proof that a defendant used, attempted to use, or threatened to use force. Accordingly, the Government concedes that Defendants could only have been convicted as to Count Two under the residual clause.

The Government attempts to change its prior approach to these cases on remand by abandoning its longstanding position that 18 U.S.C. § 924(c)(3)(B) should be analyzed under the categorical approach. In light of *Dimaya*, the Government argues we can, and should, adopt a new "case specific" method when applying the residual clause; this method would compare § 924(c)'s residual definition to the "defendant's actual conduct" in the predicate offense. Regardless of whether *Dimaya* would otherwise permit us to do so, we do not find a suggestion by a minority of justices in that case sufficient to overrule our

prior precedent.[2] *See United States v. Williams*, 343 F.3d 423, 431 (5th Cir. 2003) ("We use the so-called categorical approach when applying [§ 924(c)(3)(B)] to the predicate offense statute. 'The proper inquiry is whether a particular defined offense, in the abstract, is a crime of violence.'" (quoting *United States v. Chapa–Garza*, 243 F.3d 921, 924 (5th Cir. 2001))). Therefore, we must address the serious constitutional questions apparent in the residual clause of § 924(c)(3)(B) in light of *Dimaya*.

The Supreme Court rested its decision in *Dimaya* on its concerns about the language of the statute itself. Although § 16(b) contained linguistic differences to the Armed Career Criminal Act ("ACCA") residual clause the Court had previously invalidated in *Johnson v. United States*, 135 S. Ct. 2551 (2015), it noted that each statute contained "both an ordinary-case requirement and an ill-defined risk threshold," and this "'devolv[ed] into guesswork and intuition,' invited arbitrary enforcement, and failed to provide fair notice." *Dimaya*, 138 S. Ct. at 1223 (alteration in original) (quoting *Johnson*, 135 S. Ct. at 2559). Because the language of the residual clause here and that in § 16(b) are identical, this court lacks the authority to say that, under the categorical approach, the outcome would not be the same. We hold that § 924(c)'s residual clause is unconstitutionally vague. Therefore,

---

[2] Justice Gorsuch, in concurrence, along with Justice Thomas, joined by Justices Kennedy and Alito, in dissent, suggested that an alternative approach to the categorical approach may be preferable in analyzing residual clauses. *Dimaya*, 138 S. Ct. at 1233 (Gorsuch, J., concurring in part and concurring in the judgment); *id.* at 1252–53 (Thomas, J., dissenting). However, the holding in *Dimaya* addressed § 16(b) as interpreted via the categorical approach, without deciding whether the statute could be interpreted under alternative approaches. *See id.* at 1217–18 (plurality opinion) (interpreting the categorical approach as the "best read[ing]" of the statutory text); *id.* at 1233 (Gorsuch, J., concurring in part and concurring in the judgment) (noting that other interpretive approaches may be possible, but that the parties conceded application of the categorical approach in this case).

No. 16-10330

Defendants' convictions and sentences under Count Two must be vacated.[3] We conclude this decision does not implicate the sentences on the other counts. *U.S. v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016).

Accordingly, we AFFIRM the judgment of the district court except with respect to the conviction and sentence as to Count Two; as to Count Two, we VACATE the conviction and REMAND for entry of a revised judgment consistent herewith.

---

[3] Davis received a 120-month sentence as to Count Two, to run consecutively with a concurrent 188-month sentence as to Counts One, Five, and Six and a 300-month sentence as to Count Seven, along with a concurrent 120-month sentence as to Count Eight, for an aggregate sentence of 608 months. Glover also received a 120-month sentence as to Count Two, to run consecutively with a concurrent seventy-eight-month sentence as to Counts One, Three, Four, Five, and Six and a 300-month sentence as to Count Seven, for an aggregate sentence of 498 months.

No. 16-10330

PATRICK E. HIGGINBOTHAM, Circuit Judge, concurring in part and dissenting in part:

I concur only in the vacating of the Count Two conviction. With respect, the remedy afforded Davis is deeply flawed by two basic errors of law interlaced in effect.

First, in the majority's suggestion that we are here barred from considering issues beyond the scope of the Supreme Court's remand order. *Supra* at 2 n.1. After granting certiorari in this case, the Court vacated our previous opinion and remanded for consideration in light of the *Dimaya* decision. *Davis v. United States*, 138 S. Ct. 1979 (2018). In this circumstance we have jurisdiction to consider issues not addressed in the Supreme Court's mandate on remand. *Hill v. Black*, 920 F.2d 249, 250 (5th Cir. 1990), *modified on other grounds on denial of reh'g*, 932 F.2d 369 (5th Cir. 1991); *see also Moore v. Zant*, 885 F.2d 1497, 1503 (11th Cir. 1989).

Second, the majority errs in frustrating the district court's duty to construct proper sentences from a holistic examination of the intertwined acts of criminality for which the defendants were convicted. The majority remedies the error with respect to Davis and Glover's convictions under § 924(c)'s residual clause by reaching into their sentences and excising a period of time. But the aggregate sentences here—combinations of concurrent and consecutive sentences for different counts—resulted from a sentencing judgment by the district court. "'A criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent.'" *Pepper v. United States*, 562 U.S. 476, 507 (2011) (quoting *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996) (per curiam)). It is for the district court—not this court—to reach sentencing decisions in the first instance. "[A] district court's 'original sentencing intent may be undermined by altering one portion

6

of the calculus'"—here reductions by 120 months of the defendants' 608-month and 498-month sentences. *Id.* (quoting *United States v. White*, 406 F.3d 827, 832 (7th Cir. 2005)). The majority concludes that excision of the sentences associated with Davis and Glover's Count Two convictions does not implicate their sentences relative to other counts, citing to our *Clark* decision. *Supra* at 5. But *Clark* was an appeal from a *district court's* decision. *Clark*, 816 F.3d at 354. There, the district court had determined that, after excision of time associated with a dismissed conviction, the petitioner's remaining aggregate sentence entailed an appropriate package without further adjustment. *Id.* at 360. If the instant case were an appeal from a district court's resentencing of Davis and Glover, I would find *Clark* controlling and reliance upon it sound. Today's decision, however, involves the Court of Appeals making that determination. A district court declining to adjust the remaining parts of its original sentencing package does not speak to an appellate invasion of the district court's sentencing prerogatives.

The appropriate remedy is to vacate Davis and Glover's entire sentences and remand for resentencing. *See United States v. Aguirre*, 926 F.2d 409, 410 (5th Cir. 1991) (Rubin, Politz, Davis) ("The proper remedy . . . is to vacate the entire sentence and remand for resentencing."). Such a disposition is especially appropriate where the district court in any event under current law may well be faced with constructing a new sentencing package. This because, lurking in the background of the majority's disposition in this case is another issue: the sentencing package here also included Davis's ACCA sentence enhancement predicated on convictions for Texas burglary. Were Davis resentenced, the district court would consider current law, including *United States v. Herrold.* 883 F.3d 517 (5th Cir. 2018) (en banc), *petitions for cert. filed*, (U.S. Apr. 18, 2018) (No. 17-1445), and (U.S. May 21, 2018) (No. 17-9127); *see Griffith v.*

*Kentucky*, 479 U.S. 314, 322–23 (1987). Management of the sentencing process is best left to the court charged with the task and best situated to accommodate it. Here it should have the opportunity to revisit the entirety of the sentencing package including whether to defer resentencing pending the Supreme Court's disposition of petitions for certiorari in *Herrold*. The district court has been denied that opportunity. District courts are not mere "gatekeepers," and sentences often—as here—present as packages effectuating the district court's sentencing intent, as Chief Justice Rehnquist would remind.