# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-50526

United States Court of Appeals
Fifth Circuit

**FILED**
November 1, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff–Appellee,

versus

MARVIN LEWIS,

> Defendant–Appellant.

Appeals from the United States District Court
for the Western District of Texas

Before HIGGINBOTHAM, SMITH, and GRAVES, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Lewis was indicted for crimes related to a series of robberies. On appeal, Lewis raises three issues. First, he asserts that we should vacate his conviction and sentence on count 23 of the indictment—possession, use, and carrying a firearm during and in relation to a crime of violence: brandishing, in violation of 18 U.S.C. §§ 2 and 924(c) (2012)—because conspiracy to commit a Hobbs Act robbery, the predicate offense, is not a crime of violence ("COV"). Second, Lewis maintains that the district court erred by including the four-level

No. 17-50526

§ 3B1.1(a) enhancement in his sentencing guidelines calculation.  Third, Lewis contends that the sentence was procedurally and substantially unreasonable.

At oral argument, both parties agreed that under *United States v. Davis*, 903 F.3d 483, 484–86 (5th Cir. 2018), *petition for cert. filed* (Oct. 3, 2018) (No. 18-431), Lewis's conviction of conspiracy to commit Hobbs Act robbery (count 1) cannot serve as the underlying COV predicate for his initial § 924(c) conviction (count 23).  Accordingly, we vacate the conviction on count 23.  Furthermore, because that conviction affected the sentences for the other § 924(c) convictions (counts 25 and 26), "the proper remedy . . . is to vacate the entire sentence and remand for resentencing."  *United States v. Aguirre*, 926 F.2d 409, 410 (5th Cir. 1991).

I.

Lewis and his co-defendant, Brandon Grubbs, participated in a series of jewelry store robberies in Austin and Houston, Texas, between November 2014 and November 2015.  Lewis was involved in a robbery in Strongsville, Ohio, in June 2015.  After his arrest in November 2015, Grubbs reached a plea agreement to testify against Lewis at trial.

Lewis was charged in a second superseding indictment with twenty-seven counts, including conspiracy to interfere with commerce by threats or violence, in violation of 18 U.S.C. § 1951 (count 1); money laundering, in violation of 18 U.S.C. § 1956 (counts 2–14); spending proceeds, in violation of 18 U.S.C. § 1957 (count 15); interference with commerce by threats or violence, in violation of 18 U.S.C. §§ 2 and 1951 (counts 16–22); possession, use, and carrying a firearm during and in relation to a crime of violence: brandishing, in violation of 18 U.S.C. §§ 2 and 924(c) (counts 23–26); and felon in possession of a firearm, in violation of 18 U.S.C. §§ 2 and 922(g) (count 27).  Lewis was later convicted on 25 of 27 counts and acquitted on two of the money laundering

2

No. 17-50526

counts (counts 2 and 3).

The court granted the government's motion to dismiss count 24 for reasons unrelated to this appeal.[1] On the counts that did not require a mandatory minimum (counts 1, 4–22, and 27; collectively the "non-§ 924(c) counts"), the court determined that the advisory guidelines yielded 360 months to life. Limited by the statutory maximums, however, the court imposed a sentence of 240 months on counts 1, 4–14, and 16–22 and 120 months on counts 15 and 27.[2] The court determined that the sentences on those counts should be served concurrently. The court then sentenced Lewis to an 84-month mandatory minimum on count 23, *see* 18 U.S.C. § 924(c)(1)(A)(ii), a 300-month mandatory minimum on count 25, *see id.* § 924(c)(1)(C)(i), and a 300-month mandatory minimum on count 26. *See id.* The sentences on counts 23, 25, and 26 (collectively the "§ 924(c) counts") were to be served consecutively to one another and to the sentences on the non-§ 924(c) counts, as required by statute. *See id.* § 924(c)(1)(D)(ii).

## II.

Lewis contends that his conviction and sentence on count 23—knowingly using, carrying, or brandishing a firearm to interfere with commerce by robbery, in violation of 18 U.S.C. §§ 2 and 924(c)—should be vacated because the predicate offense, conspiracy to commit a Hobbs Act robbery, is not a COV. "Whether a particular offense is a [COV] is a question of law for the court to resolve." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.) (citation omitted), *cert. denied*, 138 S. Ct. 149 (2017). Because Lewis failed to raise this in the

---

[1] Count 24 related to the "possession, use, and carrying a firearm during and in relation to a crime of violence: brandishing," in violation of 18 U.S.C. §§ 2 and 924(c).

[2] The statutory maximum for counts 1, 4–14, and 16–22 was 240 months, and the statutory maximum for counts 15 and 27 was 120 months.

No. 17-50526

district court, we review it for plain error. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018) (citation omitted). "A plain error that affects substantial rights may be considered even though it was not brought to the court's attention." FED. R. CRIM. P. 52(b).

Plain-error review proceeds in four steps. First, "there must be an error or defect . . . [a] 'deviation from a legal rule' [] that has not been intentionally relinquished or abandoned, *i.e.*, affirmatively waived, by the appellant." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 732–33 (1993)). Second, the error must be plain; that is, "the legal error must be clear or obvious, rather than subject to reasonable dispute." *Id.* Third, "the error must have affected the appellant's substantial rights, which in the ordinary case means he must demonstrate that it 'affected the outcome of the district court proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 734). Fourth, "if the above three prongs are satisfied, [we have] the *discretion* to remedy the error—discretion which ought to be exercised only if the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Id.* (quoting *Olano*, 507 U.S. at 736).

## III.

Section § 1951 (which codified the Hobbs Act) provides, in relevant part, that "[w]hoever . . . obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or *conspires* so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything" is liable under the statute.[3] Relatedly, § 924(c) punishes "any person who, during and in relation

---

[3] 18 U.S.C. § 1951 (emphasis added). Lewis was also charged per § 2, which makes one who aids or abets "an offense against the United States" liable as a principal. 18 U.S.C. § 2.

4

No. 17-50526

to any crime of violence . . . uses or carries a firearm." 18 U.S.C. § 924(c)(1)(A). As defined in § 924(c)(3), a COV is

> an offense that is a felony and [] (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.[4]

At oral argument, the government conceded, "[I]t is true in this case that *Davis* is presently binding precedent on this court, and that the [§] 924(c) count . . . count 23, which is linked to Lewis's conspiracy to commit Hobbs Act robbery, which was count 1, must be vacated . . . ." Consequently, both sides agree that in the wake of *Davis*, the conviction for conspiracy to commit Hobbs Act robbery (count 1) may not serve as the COV predicate for the § 924(c) conviction (count 23).

"[C]onspiracy to commit an offense is merely an agreement to commit an offense." *Davis*, 903 F.3d at 485 (citing *United States v. Gore*, 636 F.3d 728, 731 (5th Cir. 2011)). Consequently, conspiracy to commit Hobbs Act robbery fails to satisfy the requirements of § 924(c)(3)(A)'s elements clause because it "does not necessarily require proof that a defendant used, attempted to use, or threatened to use force." *Id.* Further, the "residual clause" of § 924(c)(3)(B) "is unconstitutionally vague" under the categorical approach. *Id.* at 486. Accordingly, in *Davis* we vacated the convictions of knowingly using, carrying, or brandishing a firearm to aid and abet conspiracy to interfere with commerce by robbery because the conspiracy charge did not qualify as a COV predicate under either clause of § 924(c)(3).

The reasoning in *Davis* mandates a similar result here, even under plain

---

[4] 18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is commonly referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause." *See, e.g., United States v. Eshetu,* 898 F.3d 36, 38 n.2 (D.C. Cir. 2018); *Buck,* 847 F.3d at 274.

error review.  The error was clear and affected Lewis's substantial rights.[5] Further, it seriously affected the fairness, integrity, and public reputation of judicial proceedings because Lewis's sentence was enhanced by an additional twenty-five years by the error.  Failure to remedy the mistake would be manifestly unfair.

We vacate the conviction (and the sentenced imposed) on count 23 for knowingly using, carrying, or brandishing a firearm to interfere with commerce by robbery.  Additionally, given that the sentencing enhancements applied to Lewis's subsequent § 924(c) convictions (counts 25 and 26) were predicated on his initial § 924(c) conviction (count 23), the sentence was improperly enhanced under § 924(c)(1)(A)(ii) and (C)(i).  Therefore, we VACATE the entire sentence and REMAND for resentencing.

Nothing in this opinion should be taken to cast doubt on the district court's initial application of the § 3B1.1(a) sentencing enhancement or on the procedural or substantive reasonableness of the sentences imposed on the non-§ 924(c) counts (1, 4–22, and 27).  Although 18 U.S.C. § 3553 "as modified by *Booker*, contains an overarching provision instructing district courts to 'impose a sentence sufficient, but not greater than necessary,' to accomplish the goals of sentencing,"[6] district courts have long possessed the authority "to exercise broad discretion in imposing a sentence within a statutory range."[7]  We leave it to the district court to decide the appropriate sentence on remand.

---

[5] *See Puckett*, 556 U.S. at 135; *see also Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1911 (2018).

[6] *Kimbrough v. United States*, 552 U.S. 85, 101 (2007) (quoting 18 U.S.C. § 3553(a)).

[7] *United States v. Booker*, 543 U.S. 220, 233 (2005) (citation omitted); *see also Dean v. United States*, 137 S. Ct. 1170, 1175 (2017) (citation omitted).