# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11078

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

ANTONYO REECE, also known as Seven,

Defendant–Appellant.

Appeals from the United States District Court
for the Northern District of Texas

Before SMITH, DENNIS, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

Antonyo Reece stands convicted of four counts of using and carrying a firearm during and in relation to a crime of violence ("COV"), in violation of 18 U.S.C. § 924(c). For three of those four counts, the underlying COV was conspiracy to commit bank robbery. After his convictions were affirmed on direct appeal, Reece filed a federal habeas corpus petition seeking vacatur of his three conspiracy-predicated § 924(c) convictions on the ground that

No. 17-11078

*Johnson v. United States*, 135 S. Ct. 2551 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), rendered § 924(c)(3)(B) unconstitutionally vague. The district court denied his petition, and Reece appealed. While his appeal was pending, the Supreme Court held § 924(c)(3)(B) unconstitutional. *See United States v. Davis*, 139 S. Ct. 2319 (2019). We therefore vacate and remand for resentencing.

I.

Reece, a member of the "Scarecrow Bandits," was charged with twelve crimes connected to a series of bank robberies. Specifically, Reece was charged with three counts of conspiracy to commit bank robbery, two counts of attempted bank robbery, one count of bank robbery, and six counts—one pertaining to each of the six aforementioned charges—of using and carrying a firearm during and in relation to a COV.

Section 924(c) subjects to criminal liability "any person who, during and in relation to any [COV] . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." Section 924(c) offenses do not stand alone—they require a predicate COV. The statute contains two clauses defining COV. The first, the so-called "elements clause," defines a COV as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second, the so-called "residual clause," defines a COV as a felony "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." *Id.* § 924(c)(3)(B).

Reece was convicted on all charges and sentenced to 1,680 months' imprisonment. He appealed, and his convictions for the attempted robberies and the related firearms charges were reversed. On remand, he was sentenced

2

No. 17-11078

to 1,080 months, of which 960 related to the remaining four § 924(c) charges—60 months for the first count and 300 months for each additional count.[1]  Reece again appealed, and his sentence was affirmed.  He did not challenge § 924(c)(3)(B)'s constitutionality in either of his direct appeals.

Reece filed a timely motion under 28 U.S.C. § 2255, claiming, *inter alia*, that his § 924(c) convictions were unconstitutional because bank robbery and conspiracy to commit bank robbery no longer constituted COVs after *Johnson* and *Dimaya*.[2]  The magistrate judge recommended that Reece's claims for relief from his § 924(c) convictions be denied because both federal bank robbery and conspiracy to commit bank robbery constituted § 924(c) COVs under *United States v. Sealed Appellant 1*, 591 F.3d 812 (5th Cir. 2009).  The district court accepted the magistrate judge's report and denied the § 2255 motion.  The court also denied a certificate of appealability ("COA").

---

[1] Initial violations of § 924(c) carry a mandatory five-year minimum sentence to run consecutively to any sentence received.  18 U.S.C. § 924(c)(1)(A)(i).  Repeat violations are punished by a mandatory twenty-five-year sentence to run consecutively. *Id.* § 924(c)(1)(C)(i).  At the time that Reece was convicted, that mandatory twenty-five-year penalty could be imposed for additional violations of the statute that were charged in the same prosecution. *See Davis*, 139 S. Ct. at 2324 n.1. The First Step Act of 2018 amended § 924(c)(1)(C) to apply only after a "prior conviction under this subsection has become final." Pub. L. 115–391, § 403(a), 132 Stat. 5194, 5222.

[2] Reece's reliance on *Johnson* and *Dimaya* is misplaced.  Neither announced a new rule of constitutional law regarding § 924(c)(3)(B). *See United States v. Tolliver*, 772 F. App'x 144, 146 n.1 (5th Cir. 2019) ("[T]he right 'recognized by the Supreme Court' in *Dimaya* is not the same right *yet to be recognized* in § 924(c)(3)(B)—no matter how similar the provisions may seem."); *United States v. Williams*, 897 F.3d 660, 662 (5th Cir. 2018) ("Though the Court has instructed the courts of appeals to *reconsider* § 924(c)(3)(B) cases in light of *Dimaya*, that instruction does not amount to a determination that the provision is unconstitutional." (internal citations omitted)).

In his reply brief, however, Reece also relied on *United States v. Davis*, 903 F.3d 483, 486 (5th Cir. 2018), *aff'd in part, vacated in part, remanded*, 139 S. Ct. 2319 (2019), which held § 924(c)(3)(B) unconstitutionally vague.  That was the first chance he had to invoke *Davis* after it was issued.  "[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel. . . ." *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).  As a result, we consider Reece's petition in light of the Supreme Court's affirmation of our holding in *Davis*.

No. 17-11078

Reece appealed the latter denial, and this court issued a COA limited to three questions: (1) whether *Dimaya* rendered § 924(c)(3)(B) unconstitutionally vague, (2) whether *Dimaya* applied retroactively to § 924(c) cases on collateral review, and (3) whether, in the wake of *Dimaya*, a conviction for conspiracy to commit a COV itself qualifies as a COV.

## II.

"When considering challenges to a district court's decisions under 28 U.S.C. § 2255, this court reviews questions of law *de novo*." *United States v. Taylor*, 873 F.3d 476, 479 (5th Cir. 2017). Each of the three certified issues is a question of law.

## A.

A habeas applicant may file a § 2255 motion where a constitutional "right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Therefore, before we consider the merits of Reece's petition, we address (1) whether *Davis* announced a new rule of constitutional law, and (2) if so, whether *Davis* retroactively applies to cases on collateral review.

### 1.

"A case announces a new rule . . . when it breaks new ground or imposes a new obligation on the government"—in other words, "if the result was not dictated by precedent existing at the time the defendant's conviction became final." *In re Williams*, 806 F.3d 322, 324 (5th Cir. 2015). "[A result] is not so dictated . . . unless it would have been apparent to all reasonable jurists." *Chaidez v. United States*, 568 U.S. 342, 347 (2013) (internal quotations marks omitted). Merely applying an existing rule to a different set of facts does not create a new rule. *Yates v. Aiken*, 484 U.S. 211, 216–17 (1988). A new rule

may be created, however, by extending an existing rule to a new legal setting not mandated by precedent.  *Stringer v. Black*, 503 U.S. 222, 228 (1992).

*Davis* easily meets those criteria.[3]  In holding that the residual clause of § 924(c)(3) was unconstitutionally vague, the Court extended its holdings in *Johnson* and *Dimaya*—which invalidated different (but similarly worded) provisions in other statutes—to § 924(c)(3)(B).[4]  The *Davis* ruling resolved a circuit split regarding the residual clause's constitutionality, which evidences that the result in *Davis* was not apparent to all reasonable jurists.  The only other circuit to address this issue reached the same conclusion. *See In re Hammoud*, 931 F.3d 1032, 1037−39 (11th Cir. 2019) (per curiam).

2.

Because Reece was convicted before *Davis*'s rule was recognized, *Davis* must apply retroactively for Reece to avail himself of its protection.  Generally, new rules of constitutional law do not provide a basis for post-conviction relief. *See Teague v. Lane*, 489 U.S. 288, 310 (1989).  Because Reece "seeks the benefit

---

[3] The government contends that Reece's petition is procedurally barred because he did not raise a constitutional challenge to § 924(c)(3)(B) in either of his direct appeals.  "[A] collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc) (internal quotation marks and citation omitted).  "A section 2255 movant who fails to raise a constitutional or jurisdictional issue on direct appeal waives the issue for a collateral attack on his conviction, unless there is cause for the default and prejudice as a result." *United States v. Kallestad*, 236 F.3d 225, 227 (5th Cir. 2000).  That standard imposes "a significantly higher hurdle than the plain error standard" that governs direct appeals.  *United States v. Pierce*, 959 F.2d 1297, 1301 (5th Cir. 1992) (internal quotation marks and citation omitted).  The "cause and prejudice" test applies absent an "extraordinary case" of actual innocence. *See Murray v. Carrier*, 477 U.S. 478, 496 (1986).

Here, however, the cause and prejudice standard does not apply.  As *Davis* reaffirmed, "a vague law is no law at all." *Davis*, 139 S. Ct. at 2323.  If Reece's convictions were based on the definition of [COV] articulated in § 924(c)(3)(B), then he would be actually innocent of those charges under *Davis*.  The government's brief recognizes as much.

[4] And in so holding, the Court expressly rejected the "case-specific approach" for which the government here advocates because such an approach could not "be squared with [§ 924(c)(3)'s] text, context, and history." *Davis*, 139 S. Ct. at 2324, 2327.

of a new rule, we must decide whether the rule falls within one of the narrow exceptions to the non-retroactivity principle" established in *Teague*. *Burdine v. Johnson*, 262 F.3d 336, 341 (5th Cir. 2001). Two types of rules typically apply retroactively: (1) "new substantive rules," *Welch v. United States*, 136 S. Ct. 1257, 1264 (2016) (alteration, emphasis, and citation omitted), and (2) "new watershed rules of criminal procedure," *id.* (internal quotation marks and citation omitted).

"Substantive rules include rules forbidding criminal punishment of certain primary conduct, as well as rules prohibiting a certain category of punishment for a class of defendants because of their status or offense." *Montgomery v. Louisiana*, 136 S. Ct. 718, 728 (2016) (internal quotation marks and citation omitted). "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." *Schriro v. Summerlin*, 542 U.S. 348, 353 (2004) (emphasis omitted).

The Court did not state whether *Davis* would apply retroactively. *See* 139 S. Ct. at 2354 (Kavanaugh, J., dissenting) ("And who knows whether the ruling will be retroactive?").[5] Nevertheless, the rule announced in *Davis* meets the standard for a new substantive rule. The Court observed that § 924(c)(3)'s residual clause "sweeps more broadly than the elements clause—potentially reaching offenses, like burglary, that do not have violence as an *element* but that arguably create a substantial *risk* of violence." *Id.* at 2334 (internal quotation marks and citation omitted). In other words, the residual clause allows for punishment of certain offenses that the elements clause cannot otherwise reach. Consequently, the residual clause's invalidation narrows the scope of conduct for which punishment is now available.

---

[5] The government concedes that "*Dimaya* announced a new, substantive rule, and it therefore applies retroactively on collateral review."

No. 17-11078

This conclusion is reinforced by *Welch*. There, the Court considered whether *Johnson*—which invalidated the residual clause in the Armed Career Criminal Act ("ACCA"), a provision whose text closely resembles that of § 924(c)(3)(B)—applied retroactively. *Welch*, 136 S. Ct. at 1265–68. Holding that *Johnson* established a substantive rule with retroactive application, the Court stated that "*Johnson* changed the substantive reach of the [ACCA], altering the range of conduct or the class of persons that the [Act] punishes." *Id.* at 1265 (some alterations in original) (internal quotation marks and citation omitted). The rule announced in *Davis* operates in much the same way.

Our conclusion is buttressed by the Eleventh Circuit's decision in *Hammoud*. There, a prisoner sought "an order authorizing the district court to consider a second or successive" habeas petition. *Hammoud*, 931 F.3d at 1035. Unlike an initial habeas petition based on a newly recognized constitutional rule—which requires only that that the new rule fit one of the *Teague* exceptions to non-retroactivity, *see Summerlin*, 542 U.S. at 352—a successive petition requires a determination from the Supreme Court that its decision retroactively applies to cases on collateral review. *See* 28 U.S.C. § 2255(h)(2). Notwithstanding this enhanced requirement, the Eleventh Circuit concluded "that, taken together, the Supreme Court's holdings in *Davis* and *Welch* 'necessarily dictate' that *Davis* has been 'made' retroactively applicable to criminal cases that became final before *Davis* was announced." *Hammoud*, 931 F.3d at 1039.

B.

Having decided that *Davis* announced a new, retroactively applicable rule of constitutional law, we consider the merits of Reece's petition. Because *Davis* rendered 18 U.S.C. § 924(c)(3)'s residual clause unconstitutional, Reece's three firearms convictions predicated on conspiracy to commit bank robbery

7

can be sustained only if conspiracy to commit bank robbery can be defined as a COV under § 924(c)(3)'s elements clause.[6]   Reece contends that his conspiracy-predicated § 924(c) convictions do not qualify as COVs under the elements clause because conspiracy to commit bank robbery does not require "the use, threatened use, [or] attempted use of physical force."[7]  We agree.

When determining whether an offense is a COV under § 924(c)(3)'s elements clause, we "look[] only to the statutory definitions—the elements—of a defendant's offense, and not to the particular facts underlying the convictions." *United States v. Buck*, 847 F.3d 267, 274 (5th Cir.), *cert. denied*, 138 S. Ct. 149 (2017).  To convict of conspiracy under 18 U.S.C. § 371, the government must prove three elements: "(1) an agreement between two or more persons to pursue an unlawful objective; (2) the defendant's knowledge of the unlawful objective and voluntary agreement to join the conspiracy; and (3) an overt act by one or more of the members of the conspiracy in furtherance of the objective of the conspiracy." *United States v. Coleman*, 609 F.3d 699, 704 (5th Cir. 2010).

Federal bank robbery constitutes a COV under § 924(c) "because the least culpable conduct under that statute requires, at a minimum, an implicit threat to use force." *United States v. Cadena*, 728 F. App'x 381, 382 (5th Cir.), *cert. denied*, 139 S. Ct. 436 (2018).  But conspiracy is a crime distinct from the crime that is the objective of the conspiracy.[8]

---

[6] The COA issued to Reece framed the issue in broader terms, asking "whether a conviction for a conspiracy to commit a [COV] itself qualifies as a [COV]."  However, we need only address the question as it relates to conspiracy to commit bank robbery.

[7] The government does not directly address whether Reece's convictions can be sustained under § 924(c)(3)'s elements clause.

[8] *See United States v. Lewi*s, 907 F.3d 891, 895 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 2776 (2019); *accord Davis*, 903 F.3d at 485 ("[C]onspiracy to commit an offense is merely an agreement to commit an offense.").

No. 17-11078

To convict Reece of conspiracy to commit bank robbery, the government was not required to prove any element regarding the use, attempted use, or threatened use of physical force. Therefore, Reece's conviction for conspiracy to commit bank robbery cannot be a COV under § 924(c)(3)'s elements clause. That the object crime of the conspiracy constituted a COV is irrelevant. We reached similar conclusions in other conspiracy-predicated § 924(c) cases after *Johnson*, *Dimaya*, and *Davis*.[9] Our sister circuits support this conclusion.[10]

After the Supreme Court's decision in *Davis*, *Sealed Appellant 1* cannot provide a basis to sustain Reece's convictions. *Sealed Appellant 1*, 591 F.3d at 820, stated that "[c]onspiracy to commit a [COV] also qualifies as a [COV]." In so holding, *Sealed Appellant 1* relied on *United States v. Greer*, 939 F.2d 1076 (5th Cir. 1991), *on reh'g*, 968 F.2d 433 (5th Cir. 1992) (en banc). *Greer* held "that conspiring to deprive citizens of their civil rights . . . [was] a [COV] within the meaning of section 924(c), because it create[d] 'a *substantial risk*' of violence." *Id.* at 1099 (emphasis added). This "substantial risk" language appears only in § 924(c)(3)'s residual clause, not in the elements clause. Therefore, *Sealed Appellant 1*'s rule, insofar as it applies in this case, necessarily relies on § 924(c)(3)'s now constitutionally infirm residual clause.

## III.

Because Reece's conspiracy-predicated § 924(c) convictions must be set aside, we consider remedy. "In some cases, when we reverse convictions or

---

[9] *See, e.g.*, *United States v. Jones*, No. 18-30256, 2019 WL 3774078, at *2 (5th Cir. Aug. 12, 2019) (per curiam) (ruling that "RICO conspiracy is not a § 924(c) [COV]"); *Lewis*, 907 F.3d at 895 (holding that conspiracy to commit Hobbs Act robbery did not qualify as a COV under § 924(c)); *Davis*, 903 F.3d at 485 (same).

[10] *See, e.g.*, *United States v. Simms*, 914 F.3d 229, 233 (4th Cir. 2019) ("Simms's offense—conspiracy to commit Hobbs Act robbery—does not categorically qualify as a [COV] under the elements-based categorical approach, as the United States now concedes.").

sentences on fewer than all counts, the aggregate sentence must be unbundled, and the defendant must be resentenced on all counts." *United States v. Clark*, 816 F.3d 350, 360 (5th Cir. 2016). Reece's initial § 924(c) conviction allowed for an enhanced sentence on his other § 924(c) offenses.[11] Therefore, we VACATE the sentence and REMAND for resentencing. *See Lewis*, 907 F.3d at 895. We leave it to the district court's sound discretion to determine an appropriate sentence. *See Dean v. United States*, 137 S. Ct. 1170, 1175 (2017); *Pepper v. United States*, 562 U.S. 476, 487–89 (2011).

---

[11] Reece was sentenced to 60 months on Count 2 and 300 months each on Counts 17, 21, and 23. Count 2's predicate COV was conspiracy to commit bank robbery (Count 1).