# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20451

United States Court of Appeals
Fifth Circuit

**FILED**
August 3, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

J. MATIAS PICAZO-LUCAS,

Defendant - Appellant

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CR-537-1

Before SOUTHWICK, GRAVES, and ENGELHARDT.

PER CURIAM:*

Appellant J. Matias Picazo-Lucas argues for the first time on appeal that his conviction and sentence under 18 U.S.C. § 924(c) are contrary to the law and that this appeal is not barred by his plea agreement's appeal-waiver provision. We agree.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20451

BACKGROUND

Pursuant to a plea agreement, Picazo-Lucas pleaded guilty to "using a firearm during a crime of violence" in violation of 18 U.S.C. § 924(c)(1)(A). The predicate crime of violence underlying his § 924(c) violation is hostage taking pursuant to the Hostage Taking Act, 18 U.S.C. § 1203(a).[1] On March 7, 2018, the district court accepted Picazo-Lucas's plea and, on June 28, 2018, sentenced him to 60 months imprisonment under § 924(c)(1)(A).[2] Picazo-Lucas timely appealed, arguing that hostage taking is not a crime of violence under § 924(c) as a matter of law. His plea agreement, however, stated that he "waives the right to appeal or 'collaterally attack' [his] conviction and sentence[.]"[3] Relying on the plea agreement's appeal-waiver provision, the government filed an opposed motion to dismiss this appeal, arguing that Picazo-Lucas waived his right to bring the appeal. The court ordered that the motion be carried with the case.

STANDARDS OF REVIEW

First, a plea agreement's appeal-waiver provision does not apply when "the language of . . . [the] plea agreement" is "insufficient to accomplish an intelligent waiver of the right not to be prosecuted (and imprisoned) for conduct that does not violate the law." *United States v. White*, 258 F.3d 374, 380 (5th

---

[1] While Picazo-Lucas's indictment had charged him with violating § 1203(a), the government dismissed its § 1203(a) charges under the terms of the plea agreement.

[2] Also pursuant to the plea agreement, Picazo-Lucas pleaded guilty to "conspiracy to transport and harbor certain aliens for the purpose of private financial gain" in violation of 8 U.S.C. § 1324(a)(1)(A)(v)(I), "alien in possession of a firearm" in violation of 18 U.S.C. § 922(g)(5), and "illegal reentry into the United States after having been deported following a conviction for an aggravated felony" in violation of 8 U.S.C. §§ 1326(a) and (b)(2). (Capitalization altered.) The district court sentenced Picazo-Lucas to three concurrent 36-month terms of imprisonment for these crimes. Thus, Picazo-Lucas was sentenced to a total of 96 months imprisonment based on his 60-month term of imprisonment and his concurrent 36-month terms of imprisonment.

[3] The plea agreement preserved Picazo-Lucas's right to raise on direct appeal, or under 28 U.S.C. § 2255, ineffective assistance of counsel claims.

2

No. 18-20451

Cir. 2001) ("We reject the government's waiver argument, especially since failure to do so risks depriving a person of his liberty for conduct that does not constitute an offense.").

Second, we review whether Picazo-Lucas's § 924(c) conviction and sentence are contrary to the law for plain error because he raises this claim for the first time on appeal. *See United States v. Fernandez*, 559 F.3d 303, 316 (5th Cir. 2009) ("We may review a claim for the first time on appeal, even when based on an intervening Supreme Court decision, only for plain error."). To prevail on his claim, Picazo-Lucas must show that (1) there is "an error or defect" that he has not affirmatively waived; (2) the error is plain; and (3) the error affected Picazo-Lucas's "substantial rights, which in the ordinary case means [the appellant] must demonstrate that it affected the outcome of the district court proceedings." *See United States v. Lewis*, 907 F.3d 891, 894 (5th Cir. 2018) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks and brackets omitted)). "[I]f the above three prongs are satisfied, we have the discretion to remedy the error—discretion which ought to be exercised only if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Puckett*, 556 U.S. at 135) (internal quotation marks, emphasis, and brackets omitted).

## DISCUSSION

In the first instance, we address whether the plea agreement's appeal-waiver provision bars this appeal. It does not. The language of Picazo-Lucas's plea agreement is insufficient to "accomplish an intelligent waiver of the right not to be prosecuted (and imprisoned) for conduct that does not violate the law." *White*, 258 F.3d at 379. Thus, the government's motion to dismiss the appeal fails.

Next, we address whether Picazo-Lucas's conviction and sentence under § 924(c) are plain error. They are. First, hostage taking cannot serve as a

predicate crime of violence for a § 924(c)(1)(A) conviction as a matter of law. Section 924(c)(1)(A) states, in relevant part: [A]ny person who, during and in relation to any crime of violence . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence . . . [,]" "be sentenced to a term of imprisonment not less than 5 years[.]"[4]  Section 924(c)(3) defines "crime of violence" as "an offense that is a felony and . . . (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."  We refer to the first clause "(A)" as the "elements clause" and to the second clause "(B)" as the "residual clause." *United States v. Smith*, 957 F.3d 590, 592 (5th Cir. 2020).  The residual clause is unconstitutional under *United States v. Davis*, meaning that Picazo-Lucas's conviction cannot stand under § 924(c)'s residual clause as a matter of law.  903 F.3d 483, 486 (5th Cir. 2018), *affirmed in relevant part and vacated on other grounds*, 139 S. Ct. 2319 (2019).  Hostage taking, then, is a crime of violence only if it meets the elements-clause definition.  Notably, "physical force" in the elements clause "means *violent* force—that is, force capable of causing physical pain or injury to another person."  *Smith*, 957 F.3d at 593 (quoting *Johnson v.*

---

[4] No term of imprisonment imposed under § 924(c)(1)(A) "shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence . . . during which the firearm was used, carried, or possessed."  18 U.S.C. § 924(c)(1)(D).  As the Supreme Court stated in *Dean v. United States*, § 924(c) "simply requires any mandatory minimum under § 924(c) to be imposed 'in addition to' the sentence for the predicate offense, and to run consecutively to that sentence."  137 S. Ct. 1170, 1178 (2017).  Here, however, the government dismissed Picazo-Lucas's predicate hostage-taking counts, and Picazo-Lucas was not sentenced for any predicate offense, begging the question: is Picazo-Lucas's § 924(c) sentence contrary to the law because it was not imposed "in addition to" the sentence for any predicate offense?  Picazo-Lucas does not raise this question.  We need not address it in any case because Picazo-Lucas prevails on the ground he raises.

No. 18-20451

*United States*, 559 U.S. 133, 140 (2010) (defining "physical force" in the context of 18 U.S.C. § 924(e)(2)(B)(i)'s nearly identically-worded elements clause)) (emphasis in original).[5]

We apply the categorical approach to determine whether hostage taking is a crime of violence under § 924(c) and, accordingly, consider only whether the "least culpable conduct under the [hostage taking] statute requires, at a minimum, an implicit threat to use force." *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019) (internal quotation marks and citation omitted). Under the categorical approach, Picazo-Lucas's factual conduct does not matter. *Davis*, 139 S. Ct. at 2326 ("Following the categorical approach, judges [have] to disregard how the defendant actually committed his crime."); *Lewis*, 907 F.3d at 894 ("Whether a particular offense is a [crime of violence] is a question of law for the court to resolve.") (internal quotation marks and citation omitted).

To meet hostage taking's statutory elements under § 1203(a), a defendant must have "(1) seized or detained another person, and (2) threatened to kill, injure, or continue to detain that person, (3) with the purpose of compelling a third person or entity to act in some way" as a condition for the release of the detained person. *United States v. Ibarra-Zelaya*, 465 F.3d 596, 602 (5th Cir. 2006). In *United States v. Carrion-Caliz*, this court held that the "seized or detained" element of hostage taking does not require the "use, or even threat[] to use, *physical* force or violence." 944 F.2d 220, 225 (5th Cir. 1991) (emphasis in original). Instead, "non-physical restraint—for instance, fear or deception—can be sufficient to restrain a person against her will." *Id.* The first element is also contained in the second element. The second element

---

[5] Section 924(e)(2)(B)(i) excludes the words "or property of another," which § 924(c)(3)(A) includes. This distinction is irrelevant here. *Cf. Smith*, 957 F.3d at 593 (defining "physical force" in § 924(c)(3)(A) the same as "physical force" in § 924(e)(2)(B)(i)).

is "threatened to kill, injure, *or continue to detain that person*[.]" *Ibarra-Zelaya*, 465 F.3d at 602 (emphasis added). Thus, the second element does not require a threat of physical force, just as the first element. Notably, the third element pertains to the "purpose" of a defendant's actions, not the actions themselves, and is therefore plainly irrelevant to our inquiry. *See Reece*, 938 F.3d at 636.

The government's reliance on *United States v. Reyes-Contreras* is unavailing. 910 F.3d 169 (5th Cir. 2018) (en banc). There, this court held that, "for purposes of identifying a conviction as a [crime of violence], there is no valid distinction between direct and indirect force." *Id.* at 182. The government argues that even if Picazo-Lucas had only "threaten[ed] his captives with involuntary detainment and deportation" that would "constitute[] a threat of 'subtle and indirect' physical force as contemplated by *Reyes-Contreras*[.]" First, no element of hostage taking contains any reference to "deportation." Relevant here, hostage taking's first element is "seized or detained another person" and the second element is "threatened to kill, injure, or continue to detain that person[.]" *Ibarra-Zelaya*, 465 F.3d at 602. The alternative phrase "threatened to . . . continue to detain that person" is the least culpable conduct that the second element requires. *See Reece*, 938 F.3d at 636. Second, *Carrion-Caliz* establishes that the first element does not require even a threat of physical force. And the government does not convincingly explain how a threat of continued detainment necessarily involves a threat of physical force. Nor could it. *Reyes-Contreras* simply abolishes the distinction between direct and indirect uses of physical force. Following *Reyes-Contreras*, indirect uses of physical force, such as murdering someone with poison, qualify as crimes of violence. *See* 910 F.3d at 181. As such, an indirect use of physical force still requires physical force.

No. 18-20451

Unambiguously, *Reyes-Contreras* does not stand for the proposition that fear alone or deception alone qualifies as physical force.

Ignoring *Carrion-Caliz*, and mistakenly thinking that *Reyes-Contreras* troubles *Carrion-Caliz* in any relevant way, the government argues that a threat to continue detaining someone necessarily contains an implicit threat of indirect "physical force," i.e., "that the victims will be physically seized by law enforcement agents and involuntarily deported back to the place they were desperate to leave." But this is not the least culpable conduct that satisfies the "threatened to . . . continue to detain [a] person" requirement under the hostage-taking statute. The least culpable conduct is akin to this: threatening to keep someone locked in a room. *See Carrion-Caliz*, 944 F.2d at 225 ("[T]his Court holds that a hostage is 'seized' or 'detained' within the meaning of the Hostage Taking Act when she is held or confined against her will for an appreciable period of time."); *United States v. Rivera-Benito*, 136 F. App'x 690, 692 (5th Cir. 2005) (unpublished) ("For the purposes of 18 U.S.C. § 1203(a), it is sufficient that Pantaleon was later detained or confined against her will. . . . Pantaleon was kept in a house completely enclosed by locked burglar bars. She testified that she wanted to run away from the house but that she could not. Based on these facts, . . . she was confined against her will.") (citing *Carrion-Caliz*, 944 F.2d at 226). This scenario does not involve a threat of physical force, direct or indirect, which is why "fear or deception can be sufficient to restrain a person against her will."[6] *Carrion-Caliz*, 944 F.2d at 225 (punctuation omitted). Thus, threatening to continue to detain an individual does not necessarily involve the threat of physical force.

---

[6] We illustrate the point further: A threat to continue to keep someone locked in a room does not *necessarily* contain an implicit threat of starvation or other bodily harm. What is necessarily implicit in the threat is this: the person will be stuck in a room. This is unlike threatening to poison someone. Implicit in that threat is death or other bodily harm.

No. 18-20451

Because hostage taking cannot serve as a predicate crime of violence for a § 924(c) conviction as a matter of law, Picazo-Lucas has shown error and satisfied the first prong of plain error review.

Second, we ask whether the error is plain. It is. A plain error is one that is "clear or obvious, rather than subject to reasonable dispute." *United States v. Garcia-Gonzales*, 714 F.3d 306, 318 (5th Cir. 2013) (quoting *Puckett*, 556 U.S. at 135). Error must be clear under "current law." *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). We have concluded that current law is "the law in place at the time of trial." *Id.* But "[w]e have also found plain error under 'current law' where the law at the time of trial was settled but is 'clearly contrary' to the state of the law at the time of appeal." *Id.* at n.12 (quoting *United States v. Hope*, 545 F.3d 293, 296 (5th Cir. 2008)).

We have concluded that an error is not plain when the issue is one "of first impression *and* the law was not obvious at the time of trial[.]" *United States v. Jackson*, 549 F.3d 963, 978 (5th Cir. 2009) (emphasis added). Thus, that the issue here—whether hostage taking's second element necessarily requires, at a minimum, the threat of physical force—is one of first impression does not end our inquiry. We must also ask whether the law is obvious.[7]

Here, the law is obvious and not subject to reasonable dispute. First, it is undisputed that a crime of violence requires, at a minimum, the threat of physical force. *See Reece*, 938 F.3d at 636. Second, this court's precedent makes clear that hostage taking's second element does not require the threat

---

[7] An error is not plain when "[the defendant's] theory requires the extension of precedent[.]" *United States v. Hull*, 160 F.3d 265, 272 (5th Cir. 1998). But if existing precedent makes it "clear or obvious" that hostage taking is not a crime of violence under § 924(c), then no extension of the law is required to resolve the issue. *See, e.g., id.* (considering existing precedent to determine whether it makes the resolution of the issue obvious and therefore not an extension of precedent); *cf. United States v. Rodriguez-Parra*, 581 F.3d 227, 230 (5th Cir. 2009) ("There is no plain error if the legal landscape at the time showed the issue was disputed, even if . . . the district court turns out to have been wrong.").

of physical force. *Carrion-Caliz*, 944 F.2d at 225. When these two conclusions are clear, it is not an extension of the law to state the obvious or, in simpler terms, add two plus two.

The government argues that *Carrion-Caliz* applies only to the hostage taking statute's first element ("seized or detained"). It is true that the *Carrion-Caliz* court analyzed "detained" in the context of the first element. 944 F.2d at 225. But what the *Carrion-Caliz* court said is that to "detain" someone does not require the use or even threat of physical force: "fear or deception can be sufficient to restrain a person against her will." *Id.* (punctuation omitted). The court did not need to explicitly say that "detain" in the second element ("threatened to . . . continue to detain that person") also does not require a threat of physical force. It is obvious from its conclusion regarding the first element. In other words, the second element can be satisfied merely by the threat to continue the first element. There can be no reasonable dispute as to this. Nonetheless, the government argues that any error is not plain because *Reyes-Contreras* troubles *Carrion-Caliz*. As explained above, *Reyes-Contreras* is inapposite. For these reasons, the error is plain.

Third, we ask whether Picazo-Lucas's substantial rights were affected. They were. Picazo-Lucas has shown that he would not have been convicted and sentenced under § 924(c) but for the error. *See Lewis*, 907 F.3d at 894–95.

Fourth, we ought to exercise our discretion to remedy the error because it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Lewis*, 907 F.3d at 894 (internal quotation marks, brackets, and citation omitted). "[T]here must be a 'showing' regarding the fourth prong." *United States v. Suarez*, 879 F.3d 626, 640 (5th Cir. 2018). In *Suarez*, the Fifth Circuit stated:

> A "showing" regarding the fourth prong has been made by Suarez in his initial brief as to why the sentence imposed for a crime for

which no jury convicted him must be vacated, if the principles sought to be embodied in the fourth prong have any real meaning and power. This court evaluates substantive, not formulaic, arguments and rules accordingly. Suarez explained that his sentence is predicated on a crime that the jury never found was committed, the district court would not have imposed the sentence but for its error, and that his sentence of imprisonment was increased by five years. The fourth prong has not only been adequately briefed, but satisfied.

*Id.* at 640.

Similarly, here, Picazo-Lucas has shown that he was convicted and sentenced for a crime he did not commit as a matter of law. His sentence of imprisonment was increased by five years as a result. Accordingly, he has satisfied the fourth prong.

## CONCLUSION

For the reasons above, we DENY the government's motion to dismiss the appeal and VACATE Picazo-Lucas's § 924(c) conviction and sentence and REMAND for resentencing.