# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 25, 2022

Lyle W. Cayce
Clerk

No. 20-50135
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

MARVIN LEWIS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:16-CR-214-1

Before OWEN, *Chief Judge*, and SMITH and ELROD, *Circuit Judges*.

PER CURIAM:*

Marvin Lewis appeals the sentences imposed in this case on remand following our decision in *United States v. Lewis*, 907 F.3d 891 (5th Cir. 2018). On remand, the district court resentenced Lewis within the guidelines range to a total of 384 months of imprisonment, including statutory minimum

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50135

consecutive terms of 60 months and 84 months that were required for his two 18 U.S.C. § 924(c) convictions.  Lewis was also convicted of one count of conspiracy to interfere with commerce by threats or violence, a violation of the Hobbs Act; eleven counts of money laundering; one count of money transactions in property derived from specific unlawful activity; seven counts under the Hobbs Act for interference with commerce by threats or violence; and one count of possession of a firearm by a felon.

Lewis first challenges the district court's application of the five-level enhancement under U.S.S.G. § 2B3.1(b)(2)(C) to two robberies.  The enhancement applies if a firearm is brandished during a robbery.  With respect to the robbery in Strongsville, Ohio, the district court did not clearly err in determining that it was reasonably foreseeable to Lewis that a firearm would be brandished.  *See United States v. Jordan*, 945 F.3d 245, 263-64 (5th Cir. 2019), *cert. denied*, 140 S. Ct. 2698 (2020), and *cert. denied*, 141 S. Ct. 606 (2020).  Although Lewis did not commit the Strongsville robbery himself, the evidence sufficiently connected him to the robbery and the unknown person who brandished the firearm while committing the robbery.  The evidence showed that Lewis entered the jewelry store about two weeks before the robbery and discussed the availability of high-priced diamonds with the manager.  The unknown person later stole diamonds from the same case of large diamonds where Lewis spoke to the manager.  Lewis also stayed at a hotel near the store, and he later possessed diamonds that were consistent with ones taken in the robbery.  He also had personal knowledge that brandishing a firearm was one way to commit a robbery because he earlier provided a different accomplice with a firearm and that accomplice brandished the firearm during two other robberies.

Lewis also challenges the application of the § 2B3.1(b)(2)(C) enhancement to the robbery of Wright Pawn and Jewelry Company. Contrary to Lewis's argument that the Government failed to rebut the

presentence report's (PSR) determination that the enhancement was inapplicable, the Government raised this court's vacatur of the § 924(c) conviction in Count 23 as the basis for overturning the PSR's determination. *See Lewis*, 907 F.3d at 893, 895. Additionally, the district court did not abuse its discretion in allowing the Government's objection even though the district court earlier declared an end to argument on PSR objections. *See* Fed. R. Crim. P. 32(i)(1)(D); *United States v. Angeles-Mendoza*, 407 F.3d 742, 749 (5th Cir. 2005). The district court sought to calculate the guidelines correctly, and Lewis was not prejudiced by the timing of the objection because the record shows that he understood the Government's position at least a week before the resentencing hearing resumed and the objection was considered. The Government also did not waive the issue, as the Government did not intentionally relinquish or abandon the objection. *See United States v. Rico*, 864 F.3d 381, 383-84 (5th Cir. 2017).

Lewis does not brief any argument challenging the district court's determination that the enhancement became applicable to the Wright Pawn robbery after the § 924(c) conviction in Count 23 was vacated. He has therefore waived a challenge to the merits of that decision. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

In his final argument, Lewis challenges the substantive reasonableness of his sentences. Because he was sentenced within his properly calculated guidelines range, a presumption of reasonableness applies. *See United States v. Stephens*, 717 F.3d 440, 447 (5th Cir. 2013). When sentencing Lewis, the district court indicated that it had considered all the proposed guidelines calculations, arguments about the sentence, and sentencing factors under 18 U.S.C. § 3553(a). The district court also stated that Lewis's crimes were "extremely serious"; his conduct "placed a large number of people in danger"; it was "lucky that no one was injured"; and Lewis was the organizer

No. 20-50135

of the numerous robberies, carefully planning them and obtaining people to commit them for him.

Our review for substantive reasonableness is "highly deferential, because the sentencing court is in a better position to find facts and judge their import under the § 3553(a) factors with respect to a particular defendant." *United States v. Diaz Sanchez*, 714 F.3d 289, 295 (5th Cir. 2013) (quoting *United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013)). Giving due deference to the district court's sentencing decision, we conclude that Lewis has not shown that the district court abused its discretion with respect to substantive reasonableness. *See Stephens*, 717 F.3d at 447; *Diaz Sanchez*, 714 F.3d at 295.

AFFIRMED.