# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2012

No. 11-60761
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ANNETTE M. PIERCE, also known as Norma Lisa Thiem, also known as Myrtis Annette Thiem,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 5:09-CV-43
USDC No. 5:05-CR-6-2

Before BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Annette M. Pierce, federal prisoner # 93177-071, was convicted by a jury of kidnaping (18 U.S.C. § 1201(a)) and carjacking (18 U.S.C. § 2119) and was sentenced to 110 months of imprisonment on both counts to run concurrently and five years and three years of supervised release, also concurrent. She appeals the district court's dismissal of her 28 U.S.C. § 2255 motion as time barred.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-60761

We granted a certificate of appealability on the issue "[w]hether the district court abused its discretion in not considering whether the Government had waived the statute of limitations defense." The Government filed a response clarifying that "it is the intent of the government to make clear that it explicitly waives any statute of limitations defense to the 28 U.S.C. § 2255 motion brought by Pierce and that she be allowed to pursue an out of time appeal." Based on this response, Pierce argues that this court should grant her an out of time appeal because the district court erred in disregarding the Government's waiver of the statute of limitations defense. The Government concurs, arguing that the district court abused its discretion in disregarding its waiver of the statute of limitations defense.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year limitation period for a federal prisoner to file a § 2255 motion. § 2255(f). Untimeliness under the AEDPA is not a jurisdictional defect; however, it is an affirmative defense that the Government may waive. *Day v. McDonough*, 547 U.S. 198, 205, 210 n.11 (2006). If the Government chooses to waive the defense, the district court is "not . . . at liberty to disregard that choice." *Id.* at 210 n.11. Reaffirming its decision in *Day*, the Supreme Court stated: "A court is not at liberty, we have cautioned, to bypass, override, or excuse a State's deliberate waiver of a limitations defense." *Wood v. Milyard*, 132 S. Ct. 1826, 1830 (2012).

The Government responded more than once that it did not oppose the granting of Pierce's § 2255 motion for purposes of authorizing an out of time direct criminal appeal and specifically stated that she had timely filed her § 2255 motion. Pierce argued in the district court that the Government's responses constituted a waiver of the statute of limitations defense. The district court did not consider her argument. The Government's responses, as the Government has now made explicitly clear, could and should have been construed as a deliberate waiver of the statute of limitations defense which the district court

2

was not at liberty to disregard. It was an abuse of discretion for the district court to override the Government's deliberate waiver of the limitations defense. *See Day*, 547 U.S. at 202; *see also Wood*, 132 S. Ct. at 1834 (holding that circuit court abused its discretion in dismissing habeas corpus petition as untimely where State twice stated that it would not challenge but did not concede timeliness of the petition).

Pierce asks this court to grant her an out of time appeal. She argues that there are no disputed facts concerning the merits of her claim that counsel was ineffective for failing to file her notice of appeal and that this court can decide that she is entitled to an out of time appeal. The district court did not reach the merits of Pierce's § 2255 motion, having dismissed it as time barred. We therefore VACATE the dismissal of Pierce's § 2255 motion and REMAND for further proceedings.

VACATED AND REMANDED.