# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40677

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

EFRAIN GARZA, also known as Picachu,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:19-CV-55

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Efrain Garza, federal prisoner # 10728-179, moves for a certificate of appealability (COA), to appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2255 motion challenging his convictions for (1) conspiracy to kidnap in violation of 18 U.S.C. § 1201, and (2) conspiracy to use a firearm during a crime of violence in violation of 18 U.S.C. § 924(o). He argues that the waiver of collateral relief in his plea agreement does not bar him from gaining habeas relief based upon *United States v. Davis*, 139 S. Ct. 2319 (2019),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because *Davis* renders him actually innocent of his § 924 conviction and, he contends, actual innocence is an exception to the waiver. Because Garza fails to address the jurisdictional and ineffective assistance of counsel claims raised in his § 2255 motion, those claims have been abandoned. *See Hughes v. Johnson*, 191 F.3d 607, 613 (5th Cir. 1999).

A COA may be issued only if Garza "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the district court dismissed Garza's motion on procedural grounds as to the *Davis* claim, he must show "at least, that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Slack*, 529 U.S. at 484.

Garza has made the required showing. *See id.* Accordingly, a COA is GRANTED with respect to whether Garza's actual-innocence claim constitutes an exception to the collateral relief waiver in his plea agreement permitting him to raise a *Davis* claim. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *United States v. Reece*, 938 F.3d. 630, 634 n.3 (5th Cir. 2019); *cf. United States v. Adams*, 814 F.3d 178, 182-83 (4th Cir. 2016). Because the Government did not file a brief in the underlying § 2255 proceeding and because the district court did not address this issue, we VACATE the judgment to the extent it denied § 2255 relief pursuant to *Davis* based upon the collateral relief waiver, and we REMAND for consideration of the issue. Garza's motion for the appointment of counsel is DENIED as unnecessary.