# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-11239

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

LAVADA CARREON,

Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2020

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CV-591

Before JONES, ELROD, and HIGGINSON, Circuit Judges.

PER CURIAM:*

We granted a certificate of appealability allowing appellant Lavada Carreon to appeal the district court's denial of her 28 U.S.C. § 2255 habeas petition. In light of the government's recent concessions, we vacate and remand for resentencing.

In 2009, Carreon and her co-defendants kidnapped at gunpoint the brother of a man who owed them drug money. Based on Carreon's involvement, she was convicted of kidnapping in violation of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11239

18 U.S.C. § 1201(a) and using a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c).  The kidnapping conviction was the predicate crime of violence for the Section 924(c) conviction.

After Carreon's convictions were affirmed on direct appeal, she filed a Section 2255 habeas petition, arguing that her Section 924(c) conviction should be vacated because *Johnson v. United States*, 135 S. Ct. 2551 (2015) rendered Section 924(c)(3)(B)'s crime of violence definition unconstitutional.  But *Johnson* did not address Section 924(c)(3)(B).  *See United States v. Reece*, 938 F.3d 630, 633 n.2 (5th Cir. 2019).  The district court thus denied Carreon's petition, and we denied a certificate of appealability.  The Supreme Court nevertheless granted Carreon's subsequent petition for certiorari, vacated our decision, and remanded the case for reconsideration in light of *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018).  *See Carreon v. United States*, 138 S. Ct. 1985 (2018).  *Dimaya* did not address the constitutionality of Section 924(c)(3)(B) either.  *See Reece*, 938 F.3d at 633 n.2.

On remand, we granted a certificate of appealability on two issues: "(1) whether Carreon's § 2255 motion was filed timely and (2) whether her § 924(c) conviction is constitutionally sound."  While the appeal was pending, the Supreme Court squarely held that Section 924(c)(3)(B)'s crime of violence definition is unconstitutional.  *See Davis v. United States*, 139 S. Ct. 2319 (2019).  We therefore ordered supplemental briefing on *Davis's* effect on Carreon's appeal.

As to the timeliness of Carreon's habeas petition, the government now "concedes    that    *Davis*    renders    Carreon's    motion    timely    under 28 U.S.C. § 2244(d)(2)."  Accordingly, the government "affirmatively waives its timeliness defense."  We thus turn to the second certified issue.  *See Day v. McDonough*, 547 U.S. 198, 205, 210 n.11, 126 S. Ct. 1675, 1681, 1684 n.11

No. 16-11239

(2006) (recognizing that untimeliness under the AEDPA is not a jurisdictional defect; it is an affirmative defense that the government may waive); *United States v. Pierce*, 489 F. App'x 767, 768 (5th Cir. 2012).

Carreon argues her Section 924(c) conviction is unconstitutional because kidnapping is no longer a crime of violence under *Davis*. Section 924(c) defines "crime of violence" in two alternative ways. An offense qualifies if it is a felony and (1) "has as an element the use, attempted use, or threatened use of physical force against the person or property of another" (the elements clause); or (2) "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the residual clause). 18 U.S.C. § 924(c)(3)(A) & (B). As noted, *Davis* held that Section 924(c)(3)(B)'s residual clause definition is unconstitutional. 139 S. Ct. at 2336. Thus, following *Davis*, Carreon's Section 924(c) conviction "can be sustained only if [kidnapping] can be defined as a [crime of violence] under § 924(c)(3)'s element's clause." *Reece*, 938 F.3d at 635. The government concedes that it cannot. We therefore vacate Carreon's Section 924(c) conviction.

We note, however, that "[o]ur court's practice when one, but not all counts, within a multipart conviction has been vacated has generally been to remand to allow the district court to resentence in the first instance." *United States v. McRae*, 795 F.3d 471, 483 (5th Cir. 2015). Indeed, the *Davis* majority relied on this practice in addressing the concerns of its dissenters. 139 S. Ct. at 2336 ("[W]hen a defendant's § 924(c) conviction is invalidated, courts of appeals routinely vacate the defendant's entire sentence on all counts so that the district court may increase the sentences for any remaining counts if such an increase is warranted."). Carreon was sentenced to ninety months of imprisonment on her kidnapping count despite a significantly higher

guidelines range.  The record indicates the district court may have issued that lower sentence because of the mandatory consecutive sixty-month sentence Carreon received on her Section 924(c) count.  We therefore find it appropriate to vacate Carreon's sentence on the kidnapping count and remand for resentencing, leaving it to the district court's sound discretion to determine an appropriate sentence.  *See Dean v. United States*, 137 S. Ct. 1170, 1175 (2017).

For the foregoing reasons, Carreon's Section 924(c) conviction is **VACATED**, and Carreon's sentence on the kidnapping count is **VACATED** and **REMANDED** to the district court for resentencing.