# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 16, 2021

Lyle W. Cayce
Clerk

No. 20-10319
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Antonyo Reece,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:08-CR-167-6

Before Haynes, Willett, and Ho, *Circuit Judges*.

Per Curiam:[*]

In 2009, a jury convicted Antonyo Reece of multiple counts, including conspiracy to commit bank robbery, attempted bank robbery, bank robbery, and using and carrying a firearm during and in relation to a crime of violence. Since his trial, Reece has filed several appeals, and we have remanded his case

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

for resentencing twice. At the third and most recent sentencing proceeding, the district court sentenced Reece above the Guidelines range to 395 months. Reece now challenges this sentence, arguing that the district court's imposition of an upward variance of 200 months was procedurally and substantively unreasonable. We disagree and thus AFFIRM the district court's sentence.

I

To provide context, we briefly describe the proceedings that led to this appeal. In 2008, Reece and several others committed armed robbery and planned robberies of several banks in the Dallas area. In 2009, a jury convicted Reece of three counts of conspiracy to commit bank robbery, two counts of attempted bank robbery, one count of bank robbery, and six counts of using and carrying a firearm during and in relation to a crime of violence. The district court sentenced Reece to 1,680 months in prison. On direct appeal, we reversed the convictions for the two attempted robbery charges and two associated firearm charges, affirmed the other convictions, and remanded for resentencing. *United States v. Duffey*, 456 F. App'x 434, 445 (5th Cir. 2012). At resentencing, the district court sentenced Reece to 1,080 months.

Reece then moved to vacate his sentence under 28 U.S.C. § 2255, arguing that his firearm convictions were unconstitutional because bank robbery and conspiracy to commit bank robbery were no longer crimes of violence under *Johnson v. United States*, 576 U.S. 591 (2015), and *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The district court denied the motion, but we granted a Certificate of Appealability. While Reece's appeal was pending, the Supreme Court held that 18 U.S.C. § 924(c)(3)(B)'s definition of "crime of violence" was unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019). We therefore vacated three of Reece's § 924(c) firearms

No. 20-10319

convictions, which were predicated on his conspiracy convictions, and remanded for resentencing. *United States v. Reece*, 938 F.3d 630, 636 (5th Cir. 2019).

At the resentencing proceeding, the only convictions remaining from the jury trial were three counts of conspiracy to commit bank robbery, one count of bank robbery, and one firearm conviction. The district court assessed a within-Guidelines sentence of 60 months for each of the three conspiracy convictions and 135 months for the bank robbery conviction, all to run concurrently. By statute, the court was required to assess a minimum consecutive sentence of 60 months for the firearm conviction (with a statutory maximum sentence of life). The Government filed a motion for an upward variance, which Reece opposed. At sentencing, the district court added an upward variance of 200 months to the firearm conviction, resulting in a consecutive sentence of 260 months and a total sentence of 395 months. Reece now challenges the procedural and substantive reasonableness of this sentence.

II

We review the reasonableness of a criminal sentence in two steps. *Gall v. United States*, 552 U.S. 38, 51 (2007). We first determine whether the district court committed procedural error. *Id.* Under this step, we review the district court's factual findings for clear error and its application of the Sentencing Guidelines de novo. *United States v. Diehl*, 775 F.3d 714, 723 (5th Cir. 2015). If no procedural error is present, we proceed to the second step

No. 20-10319

and review the substantive reasonableness of the sentence for abuse of discretion. *Id.*

### III

### A

We begin with the first step of the reasonableness analysis, addressing Reece's arguments that the district court procedurally erred. Reece first argues that the district court selected a sentence based on three erroneous facts: (1) Reece was "pretty aggravated" and "difficult to get along with" at trial; (2) "[Reece] had a lot, and [Reece] committed several of them," which Reece reads as referring to multiple completed robberies when he was only convicted of one; and (3) Reece was "planning on robbing [two] banks with people that [he and his coconspirators] abducted from their homes."

The district court did not commit procedural error in selecting a sentence based on any of these facts because Reece misconstrues or takes the court's statements out of context. Regarding the first, the district court admonished Reece and his co-defendants during trial for their "disruptive behavior toward the Marshals" and for "giving the Marshals a hard time" during trial, so the court did not err in saying that Reece was "pretty aggravated" and "difficult to get along with." Turning to the second, when read in context, the district court's statement, "[y]ou had a lot," was a reference to the gear and weapons that Reece and his codefendants used during the robbery, not to the number of completed bank robberies, as Reece claims. Finally, wire intercept evidence confirms that Reece participated in conversations about the two bank robberies in which Reece and his coconspirators planned to kidnap bank managers and force them to open their respective banks' vaults. Even if Reece did not participate in the details of the kidnappings, the district court did not err in inferring that Reece participated in those plans based upon the evidence at trial. *See United States*

*v. Caldwell*, 448 F.3d 287, 290 (5th Cir. 2006). Because none of the factual statements that Reece challenges were erroneous, the district court did not commit procedural error when selecting Reece's sentence based on those facts.

Reece also claims that the district court procedurally erred by failing to explain its reasons for imposing a 135-month sentence for his conspiracy and robbery convictions when it imposed a 120-month sentence for those convictions at his two prior sentencings. However, between Reece's second and third sentencings, the base offense level for these convictions increased by five because Reece no longer faced separate firearm convictions predicated on the conspiracy convictions. *See* U.S.S.G. § 2B3.1(b)(2)(C) (adding five levels for possession of a firearm). Because Reece's base offense level at the third sentencing was higher than those at his two prior sentencings, the district court did not err by failing to explain the higher, 135-month sentence. Therefore, this challenge also fails.

B

Because we find no procedural error, we address Reece's arguments about the substantive reasonableness of his sentence. To do so, we consider the totality of the circumstances, including the extent of the variance, to determine if the § 3553(a) factors support the sentence. *Gall*, 552 U.S. at 50. A sentence above the Guidelines range is substantively unreasonable if it "(1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Warren*, 720 F.3d 321, 332 (5th Cir. 2013). However, "[e]ven a significant variance from the Guidelines does not constitute an abuse of discretion if it is commensurate with the individualized, case-specific reasons provided by the district court." *Diehl*, 775 F.3d at 724.

No. 20-10319

Reece asserts that the district court did not give sufficient weight to his rehabilitation efforts or his non-leadership role in the robberies and placed too much weight on his juvenile murder conviction. However, the sentencing proceedings refute this claim. The district court read and considered Reece's sentencing memoranda, read letters and certificates of Reece's post-sentencing rehabilitation achievements, and heard argument about Reece's rehabilitation at sentencing. The court commended Reece for his rehabilitation efforts but explained that it was "very, very concerned" that he received a 30-year sentence for murder at age 14 and then, within a year of being released on parole, Reece joined an organized group to rob banks. The court also refused to discount the aggravated nature of Reece's completed robbery and conspiracy convictions. Thus, the court's sentence was not substantively unreasonable.

The district court also considered the § 3553(a) factors, providing specific reasons consistent with these factors to support its determination that a sentence above the Guidelines range was necessary to achieve the goals of sentencing. Moreover, we have concluded that sentences with a similarly significant upward variance were substantively reasonable. *See, e.g.*, *United States v. Hebert*, 813 F.3d 551, 562–63 (5th Cir. 2015); *Diehl*, 775 F.3d at 726; *United States v. Smith*, 417 F.3d 483, 492–93. Because the totality of the circumstances and the district court's consideration and explanation of the § 3553(a) sentencing factors support the sentence imposed, Reece's sentence was substantively reasonable, and the court did not abuse its discretion.

Finally, Reece argues that the upward variance conflicts with the Supreme Court's *Davis* decision and Congress's First Step Act. *United States v. Davis*, 139 S. Ct. 2319 (2019); First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5195. However, neither *Davis* nor the First Step Act forbid the district court from imposing a sentence that the court believed was reasonable in light of the sentencing factors, and Reece does not contend that

6

No. 20-10319

the district court was legally constrained to select a within-guidelines sentence. This argument thus fails.

For these reasons, we AFFIRM Reece's sentence.